UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REGINALD DESMOND WALLACE                                            PETITIONER

VERSUS                                         CIVIL ACTION NO. 3:19CV465-TSL-RHW

STATE OF MISSISSIPPI                                                RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Reginald Desmond Wallace, by and through counsel, filed a petition for writ of habeas corpus on July 3, 2019. On September 24, 2012, Wallace entered a guilty plea in the Madison County Circuit Court for armed robbery, kidnapping, and conspiracy to commit armed robbery. Doc. [5-2] [5-3]. By order filed on June 6, 2013, the Madison County Circuit Court sentenced Wallace to 30-year prison terms on the counts of armed robbery and kidnapping and a five-year prison term for conspiracy, with the sentences to run concurrently. Doc. [5-4].

Wallace filed a *pro se* motion for post-conviction collateral relief in Madison County Circuit Court on April 14, 2014 (with a signature date of April 10, 2014). Doc. [6-1] at 5-20. In his motion, he alleged that the guilty plea was involuntary. According to Wallace, trial counsel did not inform him of an offer to plead guilty to "simple robbery". The trial court dismissed Wallace's motion. Doc. [5-5]. On appeal, the Mississippi Court of Appeals found no merit to Wallace's claims; however, the court reversed and remanded the cause of action for an evidentiary hearing on the issue of whether Wallace's counsel failed to effectively communicate an offer to plead guilty to the lesser offense of robbery. Doc. [5-6]. On remand, the trial court conducted an evidentiary hearing and entered an order denying post-conviction relief. Doc. [5-7]. Wallace appealed. On July 24, 2018, the Mississippi Court of Appeals affirmed the trial court's judgment denying post-conviction relief. Doc. [5-8]. The Mississippi Supreme Court

then denied Wallace's request for certiorari review on February 14, 2019. Doc. [5-9]. The Mississippi Court of Appeal's mandate issued on March 7, 2019. Doc. [5-10].

Respondent has filed a motion to dismiss asserting that Wallace's petition is untimely pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), because he filed the petition more than one year after his judgment of conviction became final. Doc. [5]. In response, counsel for Wallace concedes that the petition is untimely but argues the AEDPA's one-year limitations period should be equitably tolled. Doc. [8].

## LAW AND ANALYSIS

28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

By statute, there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. Thus, Wallace's judgment became final on June 6, 2013, the date when the

trial court sentenced Wallace pursuant to his guilty plea. *See Roberts v.* Cockrell, 319 F.3d 690 (5th Cir. 2003). Absent statutory or equitable tolling, to be timely under the AEDPA's one-year limitation provision, Wallace's § 2254 petition would have been due on or before June 6, 2014.

Wallace is entitled to statutory tolling based on the motion for post-conviction relief he filed in state court on April 14, 2014, but signed April 10, 2014. Wallace signed the motion for post-conviction relief 308 days after his conviction and sentence became final. For purposes of the undersigned's analysis, Wallace is afforded 1,792 days of statutory tolling from April 10, 2014, when he signed his *pro se* motion for post-conviction relief, until March 7, 2019, the date when the mandate issued from the Mississippi Court of Appeals. To be timely, Wallace needed to file his § 2254 petition by May 3, 2019. He did not file the instant § 2254 petition until July 3, 2019, 118 days after the mandate issued. Taking account of statutory tolling, Wallace's petition was filed 426 days after his judgement of conviction became final (308 days plus 118 days). In other words, his petition was filed 61 days too late.

In response, counsel for Wallace concedes that the instant petition was filed beyond the AEDPA's one-year deadline. Doc. [8] at 1. However, Wallace argues that equitable tolling should apply, because the untimely filing was not Wallace's fault. Rather, counsel argues that she was not aware the 90 days allowed for United States Supreme Court review applied only to cases on direct appeal and not to cases on post-conviction review. Counsel for Wallace states she "did not realize there was a distinction between the two type of cases and, thus, did not think to research the issue." *Id.* at 2. Counsel argues that her failure to meet the filing deadline should be deemed an extraordinary circumstance that merits equitable tolling for Wallace's petition.

The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649-54 (2010). A petitioner is entitled to

equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Equitable tolling is available if the petitioner is actively misled about the cause of action or is prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A "garden variety claim of excusable neglect", including "a simple 'miscalculation' that leads a lawyer to miss a filing deadline", does not support equitable tolling. *See Holland*, 560 U.S. at 651; *Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013). An attorney's intentional deception or lie may present a rare and extraordinary circumstance to warrant equitable tolling. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002); *Vineyard v. Dretke*, 125 Fed. App'x 551, 552-53 (5th Cir. 2005).

In this case, Wallace does not allege that he was actively misled by any lie or deception on the part of counsel. Instead, Wallace's attorney simply argues that negligence or simple mistake cause the untimely filing. A prisoner has no right to counsel during post-conviction proceedings; therefore, ineffective assistance of counsel is irrelevant to the issue of tolling. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). Attorney negligence in miscalculating the limitations period, such as alleged in Wallace's response, does not warrant equitable relief. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). As stated by the Fifth Circuit, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [5] Motion to Dismiss be GRANTED and that Reginald Desmond Wallace's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 17th day of December 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE