IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REGINALD DESMOND WALLACE        §
                                §
          Petitioner,           §
                                §
v.                              §        CASE NO. 3:19-CV-465-TSL-BWR
                                §
                                §
                                §
STATE OF MISSISSIPPI AND BURL   §
CAIN, COMMISSIONER OF THE       §
MISSISSIPPI DEPARTMENT OF       §
CORRECTIONS,                    §
                                §
          Respondents.          §

**SUPPLEMENT TO PETITION FOR
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**

This case is on remand from the Fifth Circuit after it reversed this Court's earlier order dismissing the federal habeas petition filed by Reginald Desmond Wallace as untimely. The Fifth Circuit disagreed with this Court, held instead that the petition was timely filed, and ordered this Court to address the Petitioner's claim on the merits. *Wallace v. State of Mississippi,* 43 F.4th 482 (5th Cir. 2022). This post-remand supplement to the petition is submitted by new counsel for Mr. Wallace pursuant to an agreed schedule entered by the Court on October 27, 2022. Doc. 26.[1]

28 U.S.C. § 2254(d) provides that an application for a writ of habeas corpus should be granted only if the state court's adjudication of the claim "(1) resulted in a decision that was

---

[1] The new counsel are Jennifer Freel and Emily Rhine of the Jackson Walker firm in Texas, who were appointed by the Fifth Circuit to represent Petitioner in his appeal on the timeliness issue, and Robert McDuff of Jackson, who is a member of the Bar of this Court and is experienced in post-conviction and habeas litigation.

contrary to, or involved an reasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an *unreasonable determination of the facts* in light of the evidence presented in the State court proceeding." (Emphasis added).  This petition relies upon the second clause.  The decision to deny state post-conviction relief by the Mississippi Court of Appeals --- which was the most recent state court to address the issue --- was based on an unreasonable determination of the facts.[2]

Petitioner Reginald Wallace pled guilty to armed robbery, kidnapping, and conspiracy in the Circuit Court of Madison County and was sentenced to thirty years in prison.  During state post-conviction proceedings, his defense counsel in the trial court, Ottawa Carter, first disclosed that the prosecution had communicated to him that Mr. Wallace could plead guilty to the lesser offense of robbery (sometimes known as "simple robbery" to distinguish it from armed robbery) which carried a fifteen year maximum sentence.  The Court of Appeals later held that the post-conviction testimony of  Mr. Carter indicated that he had not informed Mr. Wallace of the offer to plead guilty to robbery.  *Wallace v. State,* 264 So. 3d 1, 3-4 (Miss. App. 2018).  That finding would normally mandate that the sentence be vacated and the prosecution required to re-offer the plea.  As the Supreme Court stated in *Lafler v. Cooper,* 566 U.S. 156, 174 (2012), where defense counsel fails to comply with the Sixth Amendment's requirement of informing the client of a plea offer and the failure leads to a longer sentence, "[t]he correct remedy . . . is to require the State to reoffer the plea agreement."  But the Mississippi Court of Appeals also held that the plea offer required Mr. Wallace to testify against his brother, who also was charged, and that Mr.

---

[2] Federal habeas review of state court decisions denying relief on federal constitutional claims should focus on the "last reasoned state court decision" denying relief in a particular case.  *Wood v. Quarterman,* 491 F.3d 196, 202 (5th Cir. 2007).   In this case, that is the Mississippi Court of Appeals decision.  Although a petition for certiorari was subsequently filed with the Mississippi Supreme Court, it denied the petition without stating any reasons.  263 So.3d 664 (Miss. 2019).

Wallace had not demonstrated that he would have accepted a plea with such a condition.   On that basis, the Court of Appeals denied relief.  264 So. 3d at 5.

However, as stated by Judge Barnes in her dissent for herself and two other Court of Appeals judges, there is "nothing in the record to support that conclusion."   *Id.* at 8 (Barnes, J., dissenting).  As explained more fully in this supplement, no one ever testified that this was a condition of the plea and the trial court never made such a finding after hearing the post-conviction evidence.   Indeed, the evidence indicates the opposite.   The Court of Appeals' decision to deny relief was therefore based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), and the writ of habeas corpus should be granted in this case.

## STATEMENT OF FACTS

The lengthy history of this case is laid out in detail in the Petition, but the key facts are these: In June of 2013 Mr. Wallace accepted an "open plea" to armed robbery, kidnapping, and conspiracy on the advice of his state court defense attorney, Ottawa Carter, and was sentenced to thirty years in prison. After filing a motion for state post-conviction relief, Mr. Wallace learned for the first time that the prosecution had extended to his counsel an offer for him to plead guilty to robbery. This plea would have carried a maximum sentence of fifteen years.  264 So.3d at 3 and n. 1.

The existence of this plea offer was discussed in an affidavit that the prosecution obtained from Mr. Carter and attached to its post-conviction response.  In it, Mr. Carter stated that he relayed the robbery offer to Mr. Wallace and his mother, but Mr. Wallace did not accept it. Mr. Wallace and his mother then both wrote to the court claiming this was the first they had heard about that offer. The trial court denied the request for post-conviction relief.  Mr. Wallace

appealed and the Mississippi Court of Appeals reversed and remanded the case for an evidentiary hearing on whether Mr. Carter communicated to Mr. Wallace the offer to plead to robbery. *Wallace v. State*, 184 So. 3d 993, 1001-03 (Miss. Ct. App. 2016).

During the evidentiary hearing, Mr. Carter testified that he did not recall communicating the robbery plea offer to Mr. Wallace and that it was possible he did not do so. He added that the plea offer, if accepted, was something that had to be done that day and that he should have immediately disclosed it to his client. Mr. Wallace testified that it was never communicated to him and that if he had known of it, he would have accepted it. He testified that he had previously asked Mr. Carter on multiple occasions to see if he could negotiate a plea to robbery. Because the plea offer was not accepted that day, it lapsed and thereafter Mr. Wallace's only plea option was the one he later took, pleading guilty to kidnapping, armed robbery, and conspiracy. As already mentioned, Mr. Wallace was sentenced to thirty years in prison rather than the 15 year maximum that would have existed under the robbery plea.

After the post-conviction hearing, the trial court again denied Mr. Wallace relief. On appeal, the Mississippi Court of Appeals employed a de novo standard of review and held that "the sworn testimony elicited at the evidentiary hearing does not support the trial court's finding that Reginald's attorney effectively communicated the plea offer to Reginald." 264 So.3d at 4.

However, despite this finding and despite noting that "Reginald testified that if offered the chance, he would have pled guilty to simple robbery," *id.,* the Court of Appeals affirmed the denial of relief. The reason, according to the Court, was that "Reginald failed to demonstrate that he would have accepted the complete terms of any plea agreement, which included implicating his brother and cooperating with the State." *Id.* at 5. Judge Barnes, joined by two others, dissented, stating that there is "nothing in the record to support that conclusion." *Id.* at 8.

- 4 -

After certiorari was denied by the Mississippi Supreme Court, this federal habeas case was instituted by Mr. Wallace.  As mentioned earlier, this Court dismissed it as untimely.  The Fifth Circuit reversed, held it was timely, and remanded for this Court to address the petition on its merits.

## ARGUMENT

Judge Barnes' dissent correctly observed that there is "nothing in the record to support [the majority's] conclusion" that (in the words of the majority) "the complete terms of any plea agreement . . . included implicating his brother and cooperating with the State."  No one testified to this.  Defense counsel Ottawa Carter, who first brought the plea offer to light, never said there was a condition requiring Mr. Wallace to implicate his brother.  The prosecutor never said anything about such a condition.  The trial judge who presided over the post-conviction hearing never mentioned such a condition and made no finding that one existed.  Mr. Wallace mentioned no such condition in his testimony and instead testified repeatedly that he was willing to accept the plea offer that was proposed.  (The transcript of the post-conviction hearing is doc. 6-7 in the record).

According to the Court of Appeals opinion, "Reginald only agreed to plead guilty to kidnapping, armed robbery, and conspiracy after the State agreed to remove any mention of his brother's possible involvement from the prosecution's on-the-record factual basis for his plea." *Id.* at 5.  The important point here is that the prosecution *was willing* to remove the mention of his brother.  This demonstrates that the Court of Appeals was wrong when it said that "the complete terms of *any* plea agreement . . . included implicating his brother and cooperating with the State." *Id.* (emphasis added).  Certainly the plea agreement that he took did not include that condition.  While it is always possible that such a condition would attach only to a more

favorable plea, someone involved would have mentioned it if that had been the case with the robbery plea that was communicated to Mr. Carter. But no one did. The Court of Appeals was not free to envision something that no one recalled and was completely unsupported by any evidence.

Instead of evidence, the Court of Appeals relied on speculation: "While two of Reginald's codefendants accepted offers to plead guilty to simple robbery and received sentences that allowed them to serve only seven and ten years, those codefendants cooperated with the State and testified against Antonio. Obviously the same would have been required of Reginald." *Id.* But that's not necessarily true. Reginald Wallace was not offered a plea with a partially suspended sentence requiring him to serve only seven or ten years. He was offered a plea to robbery with a potential fifteen year sentence. Those are very different circumstances. The fact that a person who cooperated received a partially suspended sentence did not mean that Reginald was required to testify against his own brother when he was not offered a partially suspended sentence. Indeed, if the prosecutor had the evidence he needed, it would certainly be reasonable to avoid relying on an extra witness to testify against his own brother given the potential for the witness to get cold feet at the last minute about helping to convict his brother. At any rate, there is nothing in the record showing that testimony against his brother was a condition of the plea offer.[3]

It is telling that during the post-conviction hearing, the prosecutor, Bryan Buckley, never mentioned the possibility that any simple robbery plea offer would have included a condition that

---

[3] Moreover, there does not seem to be anything in this record to support the Court of Appeals' statement that the two codefendants who received partially suspended sentences of seven and ten years testified against Antonio Wallace. The separate opinion in Antonio Wallace's appeal indicates that Kenisha Rush testified against him but does not say anything about Kimberly Gates or any other co-defendant testifying for the prosecution. *Antonio Wallace v. State,* 160 So.3d 1184, 1186 (Miss. App. 2014). But even they both did, there is nothing to support the finding that the State required Reginald Wallace to testify against his brother as a condition of the plea offer of robbery

Reginald Wallace testify against his brother.  While Mr. Buckley said he did not recall whether he offered a robbery plea or not, doc. 6-7 at 28, 32, he was aware that Mr. Carter said that such a plea had been offered.  Indeed, he questioned Mr. Carter about that at the post-conviction hearing.  At no time during that questioning did Mr. Buckley ask Mr. Carter if the robbery plea had included such a condition.  He also questioned Reginald Wallace.  At no time did Mr. Buckley ask Mr. Wallace if he would have accepted such a condition.  As noted earlier, the Court of Appeals speculated that "[o]bviously the same [testimony against his brother] would have been required of Reginald."  But if that's correct, the prosecutor would have mentioned that obvious possibility in his post-conviction cross-examination of Mr. Carter and Mr. Wallace.  He never did.  This highlights the absence of any evidence in the record that this was a condition of the plea.

By contrast, the evidence that was in the record --- the Petitioner's testimony that he would have taken the robbery plea had he been informed of it and the prosecution's willingness to allow the Petitioner eventually to plead to more serious charges without implicating his brother --- indicate there was no such condition attached to the robbery plea offer.

In discussing the federal habeas corpus statute, the Supreme Court said the following:

> Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2); *see also Williams,* 529 U.S., at 399 (opinion of O'CONNOR, J.).

> Even in the context of federal habeas, deference does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief. A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence.

*Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003).

A federal habeas corpus challenge alleging unreasonable factual findings "may be based on the claim that the finding is unsupported by sufficient evidence." *Taylor v. Maddox,* 366 F.2d 992, 999 (9th Cir. 2004).  As several courts have noted, when a state court finding is unsupported by the record, the finding has effectively been rebutted by clear and convincing evidence and resulting determination is unreasonable for purposes of federal habeas review.  *See, Smith v. Campbell*, 620 Fed. Appx. 734, 751 (11th Cir. 2015) (state court factual finding "is unsupported (and, in fact, contradicted) by the record and [is] therefore unreasonable"); *Austin v. Plumley*, 565 Fed. Appx. 175, 178, 183 (4th Cir. 2014) (noting "there is no support in the record for the State Supreme Court's finding" and concluding it is unreasonable); *Rolan v. Vaughn*, 445 F.3d 671, 681 (3d Cir. 2006) (where state court's finding "was not supported by the record," the finding "was unreasonable" and the petitioner "rebutted the conclusion of the [state court] by clear and convincing evidence"); *Miller v. Dormire*, 310 F.3d 600, 604 (8th Cir. 2002) (where "[t]he record is devoid of any direct testimony from [the petitioner] regarding his consent to waive trial by jury," the state court's finding that he did consent "is an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2)"); *Simmons v. Epps,* 654 F.3d 526, 537 (5th Cir. 2011) ("rank speculation . . . unsupported by the record" provides "clear and convincing evidence" that rebuts a state court's factual finding)

In *Batchelor v. Cain*, 682 F.3d 400, (5th Cir. 2012), the Fifth Circuit addressed a federal habeas claim by a petitioner convicted after a Louisiana trial court denied his motion to represent himself pursuant to the Sixth Amendment as interpreted in *Faretta v. California,* 422 U.S. 806 (1975).  Upon review of his subsequent conviction, a Louisiana state appeals court held that after filing the motion, the defendant had actually vacillated in his request and thereby waived his right.  682 F.3d at 403-404.   On federal habeas review, the Fifth Circuit canvassed the state

court record and discovered "no . . . factual basis for finding that [the petitioner] vacillated or abandoned his request" to represent himself.

> Accordingly, we conclude that Batchelor has met his burden of rebutting by clear and convincing evidence the presumptive correctness afforded the state appellate court's implicit factual determination that Batchelor equivocated or abandoned his motion. *See* 28 U.S.C. § 2254(e)(1). We conclude that the state appellate court's adjudication of Batchelor's *Faretta* claim resulted in a decision based on an objectively unreasonable factual determination. *See id*. § 2254(d)(2).

682 F.3d at 413.

As in *Batchelor,* there is "no . . . factual basis" in the state court record here to support the Court of Appeals' finding that the plea offer "included implicating his brother and cooperating with the State." Instead, the evidence indicates the contrary. As in *Batchelor*, that finding is rebutted by clear and convincing evidence and the resulting state court determination is an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the failure of defense counsel at trial to inform Petitioner of the plea offer to robbery violated the Sixth Amendment. *See, Missouri v. Frye,* 566 U.S. 134, 145 (2012) ("When defense counsel allowed the [plea] offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires.").

### REMEDY

"The correct remedy in these circumstances . . . is to require the State to reoffer the plea agreement." *Lafler v. Cooper,* 566 U.S. at 174 (2012). In *United States v. Blaylock,* 20 F.3d 1458, 1468 (6th Cir. 1994), the Court explained the reason that reinstatement of the plea offer is required: "[T]he remedy for counsel's ineffective assistance should put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred . . . . [W]here, as here, the defendant was deprived of the opportunity to accept a plea offer, putting him in the

position he was in prior to the Sixth Amendment violation ordinarily will involve reinstating the original offer."

## CONCLUSION

As the Mississippi Court of Appeals held, the Petitioner's counsel failed to inform him of the plea offer to the charge of robbery with a 15 year maximum sentence.  However, the Court's finding that the Petitioner would not have accepted the offer because it included a condition that he testify against his brother is "an unreasonable determination of the facts in light of evidence presented in the State court proceeding."  There was no evidence in the state court record to support the finding that this was a condition of the offer.  Instead, the evidence indicates the opposite.  Accordingly, the Petitioner's Sixth Amendment right to the effective assistance of counsel was violated.  This Court must issue the writ of habeas corpus with directions that the judgment be vacated and the plea offer be reinstated.

Respectfully submitted,

*s/ Robert B. McDuff*
ROBERT B. MCDUFF
Miss. Bar No. 2532
767 North Congress Street
Jackson, Mississippi 39202
(601) 259-8484
rbm@mcdufflaw.com

- 10 -

JENNIFER S. FREEL
Texas Bar No. 24051327 (*pro hac vice* )
jfreel@jw.com
JACKSON WALKER L.L.P.
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2330

EMILY M. RHINE
Texas Bar No. 24110812 (*pro hac vice* )
erhine@jw.com
JACKSON WALKER L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-5675

COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing using the ECF system which provides notification to all counsel of record.

This 22nd day November, 2022.

*s/ Robert B. McDuff*
Counsel for Petitioner
