IN THE MISSISSIPPI SUPRME COURT
NO. 2016-CA-1647-COA

REGINALD DESMOND WALLACE                          APPELLANT

v.

STATE OF MISSISSIPPI                              APPELLEE

## PETITION FOR CERTIORARI

Reginald Wallace files this Petition for Certiorari from the Court of Appeals' decision *Wallace v. State,* _____ So.3d _____, 2018 WL 3545111 (Miss. App. 2018). In support thereof, he states as follows:

Wallace was indicted along with four others for an armed robbery and kidnapping that took place in November of 2011. He ended up pleading guilty pursuant to an "open plea" in September of 2012 and was sentenced to thirty years' imprisonment. In April of 2014, he filed a pro se motion for post-conviction relief raising various issues. When the state's response included an affidavit from Wallace's trial counsel mentioning that Wallace had rejected a plea offer to simple burglary, Wallace learned for the first time that there had been such a plea offer. The Mississippi Supreme Court ordered that Wallace be given a hearing on the issue of whether that offer had been communicated. *Wallace v. State*, 184 So.3d 993, 1003 (Miss. App. 2016).

The trial court conducted a hearing in October of 2016 and denied relief finding that Wallace's trial counsel communicated the plea offer. Wallace appealed and this Court held that the record did **not** support the trial court's conclusion that the offer was effectively communicated. *Wallace*, __ So.3d at ¶ 12. However, the Court concluded that Wallace failed to

1

# EXHIBIT C

prove that "he would have accepted the offer to plea[d] pursuant to the terms earlier proposed." *Wallace*, __ So.3d at ¶ 14.  The Court of Appeals found that the offer to plead to simple robbery would have included a provision whereby Wallace would testify against and implicate his brother Antonio in the robbery and that Wallace had made clear that he would not do so. *Wallace*, __ So.3d at ¶ 16. Therefore, Wallace failed to prove that he would have accepted the offer.  *Id.*

The problem with this holding, as noted by Justice Barnes in her concurrence/dissent,[1] is that it is complete speculation.  The only evidence in the record before the Court is that the offer that Wallace's trial attorney failed to communicate was an offer to plead to simple robbery. There is no evidence that there were any conditions on this offer (other than that it had to be accomplished that same day).  Since the offer had never been communicated to Reginald Wallace or his mother, they could not testify that it came with conditions.  The Assistant District Attorney who made the offer had no recollection of it and did not testify. T. 28.   Wallace's trial attorney, Ottowa Carter, mentioned that when Wallace's plea was taken and the prosecution was asked to state what it would have proved at trial, Carter objected when the prosecution mentioned the involvement of Antonio Wallace (Reginald's brother) because Reginald did not want to incriminate his brother.  T. 36-37.  But nowhere did Mr. Carter testify that the offer to plead to simple robbery came with any strings attached.  The trial court even questioned Mr. Carter and no evidence was adduced that the offer to plead to simple robbery required Reginald to testify against his brother.  T. 40-43.

---

[1] *Wallace*, __ So.3d at ¶ 28.

# EXHIBIT C

Even Mr. Carter's affidavit filed as an exhibit to the State's answer to Wallace's original post conviction motion failed to include any evidence that the offer to plead to simple robbery carried with it any conditions other than that it had to be accomplished that day.

In its ruling from the bench, the trial court made no finding that the plea offer contained any conditions nor did the trial court make a finding that Reginald Wallace would have refused the offer. T. 49-50.[2]

For this reason, the Court of Appeals was incorrect in holding that the plea offer would have required Reginald Wallace to testify against his brother and, thus, that Reginald would not have taken it. Reginald Wallace testified not only that he would have accepted a plea offer to simple robbery but that he had been asking his attorney to obtain such a plea offer for some time. T. 11.

For this reason, this Court should grant the petition for certiorari, reverse the Court of Appeals and the trial court,  and remand the case with instructions to require the prosecution to extend to Mr. Wallace an offer to plead guilty to simple robbery.  *See United States v. Arredondo-Meza*, 213 F. Supp. 3d 1311, 1325 (D. Idaho 2016).

<div style="margin-left:40%">

Respectfully submitted,

Reginald Desmond Wallace

_____*/s/ Jane E. Tucker*_____
Jane E. Tucker

</div>

Jane E. Tucker MSB No. 1786
235 Melbourne Rd.
Jackson, MS 39206
(601) 291-2047
janetucker39@gmail.com

---

[2] The written order contained no findings. CP. 33.  It merely denied relief. *Id.*

# EXHIBIT C

**<u>CERTIFICATE OF SERVICE</u>**

I, Jane E. Tucker,  attorney for Appellant, do hereby certify that I have filed the foregoing

via the Court's electronic filing system which automatically sent notice to the following:

Jim Hood
Attorney General of the State of Mississippi
P. O. Box 220
Jackson, Mississippi 39205

This, the 13th  day of November, 2018.

_____/s/ Jane E. Tucker_____
Jane E. Tucker

# EXHIBIT C

# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01647-COA

**REGINALD DESMOND WALLACE A/K/A**                    **APPELLANT**
**REGINALD WALLACE**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:              10/31/2016
TRIAL JUDGE:                        HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:    MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       JANE E. TUCKER
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                     BY: ABBIE EASON KOONCE
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED: 07/24/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

  **EN BANC.**

  **TINDELL, J., FOR THE COURT:**

¶1. Reginald Wallace pled guilty to armed robbery, kidnapping, and conspiracy to commit

armed robbery. The trial court sentenced Reginald to thirty years for the armed robbery,

thirty years for the kidnapping, and five years for the conspiracy. The trial court set the three

sentences to run concurrently. Reginald initially filed for post-conviction relief (PCR) in

2014. On appeal, this Court found no error in the trial court's resolution of the issues

originally raised in Reginald's PCR motion. *Wallace v. State*, 184 So. 3d 993, 1003 (¶32)

(Miss. Ct. App. 2016). However, we reversed the trial court's dismissal and remanded the

case for further proceedings upon finding that Reginald was entitled to an evidentiary hearing

# EXHIBIT C

on whether his trial counsel failed to effectively communicate an offer to plead guilty to the lesser offense of robbery. *Id.* On remand, the trial court held the evidentiary hearing and denied Reginald's PCR motion. Reginald now appeals arguing the trial court erred in finding that his attorney effectively communicated the plea offer to him. While we disagree with the trial judge's evidentiary finding that the plea offer was effectively communicated to Reginald, we nonetheless affirm the trial court's judgment denying Reginald's PCR motion for the reasons set forth in this opinion.

## FACTS

¶2.     Antonio Wallace, Demarcus Timmons, Kimberly Gates, Kenisa Rush, and Reginald Wallace each acted in some measure in the robbery of a Sand Dollar store and the kidnapping of its employee. They planned to take the store's deposit bags from a store employee, Kimberly Lewis, when she left the store to make a bank deposit. On November 28, 2011, Timmons, Gates, and Reginald, in a car owned by Gates, parked next to Lewis's car and waited. Antonio drove Rush, also a Sand Dollar employee, to the store. Shortly after Rush reported to work, she alerted Antonio in a text message that Lewis had left the Sand Dollar store. After Lewis got in her car with the bank deposit, Timmons entered on the passenger side, pointed a gun at her, and made her drive to the Embassy Suites. Reginald and Gates followed in Gates's car. At the Embassy Suites, Timmons took the deposit bags and Lewis's cell phone, tossed Lewis's car keys, and returned to Gates's car.

¶3.     On April 4, 2012, the grand jury indicted Antonio, Timmons, Gates, Rush, and

2

EXHIBIT C

Reginald on charges of kidnapping, armed robbery, and conspiracy to commit armed robbery. All but Antonio pled guilty. Gates, the owner of the getaway car, pled guilty to robbery and received a sentence of twenty years with ten years suspended. Rush, the coworker who sent the text message, pled guilty to robbery and received a sentence of twenty years with thirteen suspended. Timmons, the gunman, pled guilty to armed robbery and was sentenced to thirty-two years. Antonio, who both planned and participated in the robbery, went to trial and was sentenced to thirty-four years each for the armed robbery and kidnapping and five years for the conspiracy.

¶4.    On the day before his trial date, Reginald entered an open plea, one made without a sentencing recommendation from the State, to armed robbery, kidnapping, and conspiracy. As stated previously, the trial court sentenced Reginald to serve concurrently thirty years for the armed robbery, thirty years for the kidnapping, and five years for the conspiracy.

¶5.    After being sentenced Reginald filed a motion for PCR. In response to Reginald's initial PCR motion, the State attached an affidavit of Ottawa Carter. Carter was Reginald's attorney during the plea-bargaining process. In that affidavit, Carter stated that Reginald turned down an offer from the prosecutor for Reginald to plead guilty to the lesser charge of simple robbery.[1] Carter further stated that Reginald and Reginald's mother, Patricia Greer,

---

[1] In Mississippi, there is no offense titled "simple" robbery. On remand, we expressed our understanding to be that the characterization in Carter's affidavit refers to robbery as set forth in Mississippi Code Annotated section 97-3-73 (Rev. 2014). The maximum sentence for robbery is fifteen years in the custody of the Mississippi Department of Corrections.

3

# EXHIBIT C

refused to consider the offer.  Reginald and Greer replied that they first learned of the offer to plead to the lesser charge of robbery in Carter's posttrial affidavit.  Reginald asserted that Carter's failure to communicate that more favorable offer to him violated his right to effective assistance of counsel.

¶6.    We found in *Wallace*, 184 So. 3d at 1003 (¶32), that the initial points of error in Reginald's PCR motion lacked merit.  Left only with the question of whether Carter communicated the favorable plea offer to Reginald, we directed the trial court on remand to hold an evidentiary hearing on the issue.  The evidentiary hearing we ordered was Reginald's opportunity to present and supplement the record on his only remaining PCR claim of ineffective assistance of counsel.

¶7.    In October 2016, the trial court held that hearing.  At the hearing, Reginald and his mother testified that Carter never presented the plea offer to either of them.  Carter testified that he simply could not recall if he had or had not presented the offer to Reginald.  However, after reviewing Carter's earlier affidavit, the trial court found Carter's affidavit and his knowledge of Carter's reputation to be controlling.  As such, the trial court found that Carter had communicated the plea offer of the lesser offense of robbery to Reginald and denied Reginald's PCR motion.  Reginald appeals.

### STANDARD OF REVIEW

¶8.    Ineffective-assistance-of-counsel claims are evaluated by the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  The *Strickland* standard applies to guilty

EXHIBIT C

pleas. *Washington v. State*, 620 So. 2d 966, 970 (Miss. 1993). "Whether a defendant has received ineffective assistance of counsel is a question of law reviewed de novo under two prongs: 'first, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense.'" *Taylor v. State*, 167 So. 3d 1143, 1146 (¶5) (Miss. 2015) (quoting *Strickland*, 466 U.S. at 687).

## ANALYSIS

¶9.    Reginald makes only one argument on appeal—that the trial judge erred in finding that his lawyer effectively communicated an offer that would allow Reginald to plead guilty to simple robbery. Our de novo review allows consideration of all evidentiary matters before us in the record, which includes the 2014 affidavit, and the sworn testimony presented at the evidentiary hearing. *Brown ex rel. Ford v. J.J. Ferguson Sand & Gravel Co.*, 858 So. 2d 129, 130 (¶5) (Miss. 2003).

¶10.    The July 2014 affidavit of Carter states:

> [A]t a proceeding prior to the trial date, [the prosecution] offered to allow Reginald to plead guilty to simple robbery if he would do so that day. Rather than do so, however, Reginald and his mother refused to even consider the offer, stating that they could not plead today.

In his sworn testimony, Carter testified that he did not recall communicating the simple-robbery offer to Reginald, but that it would have been his normal practice to do so. What Carter does recall is speaking to Reginald's mother about the plea offer. However, Carter admitted it was possible he did not actually communicate the offer to Reginald. Carter further admitted that based on what Reginald's mother told him, he may not have seen the

5

# EXHIBIT C

need to talk to Reginald about the plea offer. The plea offer, if accepted, was something that had to be done that day and was something, Carter agreed, that should have been immediately disclosed to his client. Instead, the offer lapsed and Reginald later pled to kidnapping, armed robbery, and conspiracy. Both Reginald and his mother testified that they were never made aware of an offer for Reginald to plead guilty to robbery.

¶11.    The trial court gave deference to Carter's 2014 affidavit and Carter's reputation and experience as an attorney rather than the sworn testimony presented at the hearing. On this, we must disagree. "[W]e refrain from reweighing or making credibility assessments, since credibility determinations are within the sole province of the trial judges—not appellate judges." *Culpepper v. State*, 148 So. 3d 386, 390 (¶16) (Miss. Ct. App. 2014). However, in a bench trial, those findings are only "safe on appeal where they are supported by substantial, credible, and reasonable evidence." *City of Jackson v. Lipsey*, 834 So. 2d 687, 693 (¶25) (Miss. 2003) (quoting *City of Jackson v. Perry*, 764 So. 2d 373, 376 (¶9) (Miss. 2000)).

¶12.    Carter's affidavit is the only record evidence upon which to base a finding that Reginald's counsel communicated the opportunity for Reginald to plead guilty to the lesser charge of robbery. However, this evidence is called into question and is essentially recanted by Carter in Carter's own sworn testimony taken during the hearing. And on this, we agree that "[s]olemn declarations in open court carry a strong presumption of verity." *Baker v. State*, 358 So. 2d 401, 403 (Miss. 1978) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Our review leads us to conclude that Carter's sworn testimony at the hearing, if not

EXHIBIT C

a recantation of the affidavit, provided at the very least a more detailed explanation of the facts surrounding communication of the lesser-charge plea offer.  As such, the sworn testimony elicited at the evidentiary hearing does not support the trial court's finding that Reginald's attorney effectively communicated the plea offer to Reginald.

¶13.    If counsel's performance during the plea-bargaining process is found to be deficient, our analysis then turns to the prejudice, if any, that resulted.  *Culpepper*, 148 So. 3d at 390 (¶12).  The petitioner bears the burden to prove both counsel's deficient performance and prejudice to the defense.  *McQuarter v. State*, 574 So. 2d 685, 687 (Miss. 1990).  In other words, Reginald must also prove that "he would have accepted the offer to plead pursuant to the terms earlier proposed."  *Missouri v. Frye*, 566 U.S. 134, 148 (2012).

¶14.    Under this second prong, Reginald testified that he implored Carter to discuss the opportunity for a favorable plea offer with the prosecutor.  Reginald testified that if offered the chance, he would have pled guilty to simple robbery.  On this point, the burden of proof remains on Reginald to show that he would have "accepted the offer to plea[d] pursuant to the terms earlier proposed."  *Id*.

¶15.    We find Reginald failed to demonstrate that he would have accepted the complete terms of any plea agreement, which included implicating his brother and cooperating with the State.  Reginald's defense counsel and the prosecutor agree that much of Reginald's difficulty in accepting any plea offer stemmed from his refusal to implicate his older brother, Antonio, in the crimes.  In fact, Reginald only agreed to plead guilty to kidnapping, armed

7

EXHIBIT C

robbery, and conspiracy after the State agreed to remove any mention of his brother's possible involvement from the prosecution's on-the-record factual basis for his plea. Reginald, against his attorney's advice, even testified on behalf of his older brother in Antonio's trial. Therein, Reginald admitted to his own guilt and wholly denied Antonio's involvement in the crimes.

¶16.    A fair reading of the record reflects that Reginald conditioned any plea deal upon a recitation of facts that excluded any involvement by Antonio in the crimes. While two of Reginald's codefendants accepted offers to plead guilty to simple robbery and received sentences allowing them to serve only seven and ten years, those codefendants cooperated with the State and testified against Antonio. Obviously the same would have been required from Reginald. It is Reginald's duty to point with particularity to the facts in the record which support his claim of error. *Little v. State*, 744 So. 2d 339, 346 (¶28) (Miss. 1999). On appeal, Reginald provides no evidence that he would have been willing to testify against his brother. We therefore find Reginald failed to meet his burden. *See* M.R.A.P. 22(b).

### CONCLUSION

¶17.    The evidentiary hearing the trial court held on remand does not support the trial court's finding that trial counsel conveyed the simple-robbery plea offer to Reginald. However, as to the second prong of the standard, Reginald failed to show that he would have accepted the terms of the earlier plea offer. He therefore fails to show prejudice to his defense.

# EXHIBIT C

¶18.    This Court may "affirm the lower court where the right result is reached, even though we disagree with the [lower court's] reason for the result." *Kirksey v. Dye*, 564 So. 2d 1333, 1336-37 (Miss. 1990).  Therefore, while we disagree with the trial court's finding that the simple-robbery plea offer was communicated to Reginald, we nonetheless affirm the trial court's denial of Reginald's PCR motion for the reasons set forth in this opinion.

¶19.    **AFFIRMED.**

    **LEE, C.J., AND CARLTON, J., CONCUR.  GREENLEE, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., FAIR AND GREENLEE, JJ.  BARNES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND WESTBROOKS, J.**

    **WILSON, J., CONCURRING IN RESULT ONLY:**

¶20.    I would affirm the circuit judge's denial of post-conviction relief based on the circuit judge's finding of fact that Carter communicated the plea offer to Reginald.  Carter testified that he remembered communicating the plea offer to Reginald's mother and that his standard practice would have been to communicate the offer to Reginald as well.  Carter testified at the post-conviction hearing—which was held more than four years after Reginald pled guilty—that he no longer had a "specific recollection" of that conversation with Reginald. However, Carter testified that it had been his standard practice throughout his twenty-five year career to communicate all written or oral plea offers to his clients, and he "believe[d] that's what [he] did" in this case.

¶21.    The circuit judge evaluated the witnesses' credibility and found that Reginald had not

9

EXHIBIT C

met his burden of proving that Carter failed to communicate the plea offer.  *See* Miss. Code Ann. § 99-39-23(7) (Rev. 2015) ("No [post-conviction] relief shall be granted . . . unless the petitioner proves by a preponderance of the evidence that he is entitled to relief."); *Manning v. State*, 158 So. 3d 302, 304 (¶4) (Miss. 2015).  The simple issue for this Court is whether the circuit judge's finding is "clearly erroneous."  *Brown v. State*, 731 So. 3d 595, 598 (¶6) (Miss. 1999) ("When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous.").  The finding was not clearly erroneous, and I would affirm on that basis.

¶22.   "Evidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit . . . . The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness." M.R.E. 406.  "Habit is . . . an individual's usual method or manner of doing things."  *Id.*, Advisory Committee Note.  Evidence of habit is relevant evidence under appropriate circumstances.  *Id.*  "Under Rule 406, evidence of habit . . . can be used as circumstantial evidence.  A party may introduce evidence of a person's habit to imply that he probably acted in this instance in conformity with his habit."  *Id.*  Therefore, Carter's testimony—that his longstanding, standard practice is to communicate all written or oral plea offers to his clients—was relevant and competent evidence that he communicated the plea offer to Reginald on this particular occasion.  The circuit judge was entitled to credit Carter's

10

# EXHIBIT C

testimony and find, by a mere preponderance of the evidence, that the plea offer was communicated.

¶23.    Moreover, the circuit judge was by no means *required* to accept Reginald's self-serving denial that the plea offer was communicated to him.  There were sufficient reasons for the judge to find that Reginald was not a credible witness.  The judge believed that Reginald had been untruthful on prior occasions, and the jury in Reginald's brother's trial also found that his testimony was not credible.  *See Wallace v. State*, 160 So. 3d 1184, 1185-86 (¶¶1, 7) (Miss. Ct. App. 2014) (noting that a jury found Reginald's brother guilty of armed robbery despite Reginald's testimony that his brother "was not involved in the robbery").  In addition, while Reginald's mother denied any prior knowledge of the plea offer, Carter directly contradicted her testimony.  It was for the circuit judge to evaluate the witnesses' credibility and sort out the conflicts in the evidence.

¶24.    In *United States v. Arredondo*, 349 F.3d 310 (6th Cir. 2003), the United States Court of Appeals for the Sixth Circuit addressed a similar fact dispute in a post-conviction case. In *Arredondo*, it was undisputed that the prosecutor made one plea offer to defense counsel (Plachta) prior to the plea-bargain deadline, but there was a factual dispute as to whether Plachta communicated the offer to the defendant (Arredondo).  *Id.* at 313.  "Plachta did not squarely deny Arredondo's claim that Plachta had failed to communicate the . . . offer."  *Id.* "Instead, Plachta filed an affidavit stating that he could not specifically remember the events of that day, but that 'my practice has always been to communicate any plea offer made by the

11

# EXHIBIT C

prosecution to my client regardless of my personal view as to the merits of the offer.'" *Id.* The district judge found that Plachta communicated the offer, and the Sixth Circuit affirmed. *Id.* at 315. The court held that "[w]hile the evidence for this conclusion was controverted, it was sufficient to support the district court's finding." *Id.* The court reasoned that Plachta's testimony that his practice was to communicate all plea offers to his clients was admissible under Federal Rule of Evidence 406 and sufficient "to show that he acted in conformity with that habit in [Arredondo's] case." *Id.*; *accord Carrion v. Smith*, 549 F.3d 583, 590 (2d Cir. 2008) (holding that a judge, as fact-finder in a federal habeas case, could credit an attorney's testimony about his "established" or "usual practice" of advising clients about potential sentences—even though the attorney could not recall the specifics of his conversations with the habeas petitioner; also, observing that "time inevitably fogs the memory of busy attorneys" (brackets omitted)).

¶25.    For the same reasons, I would hold that the circuit judge in this case was entitled to credit Carter's testimony about his standard practices and to find that Carter communicated the plea offer to Reginald. The circuit judge was not "*required* to" reach that conclusion, but "it was permissible for [him] to do so." *Carrion*, 549 F.3d at 590. Accordingly, I would affirm the circuit judge's ruling for the reasons given by the circuit judge.

**GRIFFIS, P.J., FAIR AND GREENLEE, JJ., JOIN THIS OPINION.**

**BARNES, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶26.    I concur with the lead opinion that the testimony presented at the evidentiary hearing

12

# EXHIBIT C

failed to support the trial court's determination that Carter, Reginald's trial attorney, "effectively communicated the plea offer to Reginald." However, I respectfully dissent from its finding that Reginald did not demonstrate that, had he been informed of the plea offer, he would have accepted the terms. Accordingly, I would reverse and render the circuit court's judgment and vacate Reginald's guilty pleas.

¶27.    In *Missouri v. Frye*, 566 U.S. 134, 145 (2012), the United States Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." If defense counsel fails to communicate a plea offer, and it lapses, counsel's performance is deemed deficient, and the question becomes what prejudice, if any, resulted under the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984). *Frye*, 566 U.S. at 147. Carter told the trial court that he remembered the prosecutor making a plea offer in the courtroom. He consistently told the trial court that he did not recall communicating the plea offer to Reginald. Although Carter acknowledged that it was his normal practice to relate such an offer to a defendant, he very frankly told the trial court that "it was a crazy situation at that time" and that he could not recall relating the plea offer to Reginald in this instance. The prosecutor also never denied that any such plea offer was made by the State. He simply stated that he had no personal "recollection of what happened in court that day on any oral offers to [Carter]." Therefore, I agree with the lead opinion that "the sworn testimony elicited at the evidentiary hearing does not support the trial court's finding that [Carter]

13

EXHIBIT C

effectively communicated the plea offer to Reginald."

¶28.   However, the lead opinion concludes that Reginald failed to meet the burden of proof

that he would have accepted the plea offer pursuant to its terms, reasoning that "[a] fair

reading of the record reflects that Reginald conditioned *any* plea deal upon a recitation of

facts that excluded any involvement by [his brother] in the crimes."  (Emphasis added).  I

find nothing in the record to support this conclusion.  According to Carter, Reginald did not

agree with the State's initial recitation of facts at the plea hearing because it implicated

Antonio, his brother.  Carter explained:

> Well, I knew that [Reginald] and his brother were very close, and I knew . . .
> that Antonio was going to trial.  And so when – when we came up for the plea
> and [the State] and the court asked, you know, what [it] would prove at trial,
> there was some statement that was made about Antonio's guilt or whatever.
> And I wanted to make sure I objected[,] or I said we did not agree with what
> it was that [the State] conveyed [it] would prove if [the case] went to trial.
>
> And so we went through a back and forth, because . . . I knew that [Reginald]
> wasn't going to say that.  He wasn't going to incriminate his brother, and so
> that's about all I remember about that.  I knew I did not want him to testify in
> [Antonio's] trial, but I knew that he was because [of] his brother.  And I
> wanted to make sure that – that there was nothing on the record he could come
> and testify to, and then he would be charged with perjury or the deal could be
> taken off the table or whatever.

But the lead opinion's determination that Reginald would not have accepted the plea offer

of simple robbery without this condition being met is speculative at best, as is its conclusion

that Reginald would have been required to testify *against* Antonio as a condition of entering

a guilty plea to simple robbery.  Moreover, as the lead opinion notes, when asked by counsel

if he would have taken the plea if he had known about it, Reginald responded affirmatively.

14

# EXHIBIT C

¶29.   I find the trial court erred in denying Reginald's motion for post-conviction relief, and I would reverse and render the judgment.  Reginald should be allowed to withdraw his guilty plea, and the case should be remanded to the trial court's active docket for further proceedings.  *See Henderson v. State*, 170 So. 3d 547, 554 (¶24) (Miss. Ct. App. 2014).

**IRVING, P.J., AND WESTBROOKS, J., JOIN THIS OPINION.**

15

# EXHIBIT C

IN THE MISSISSIPPI COURT OF APPEALS
NO. 2016-CA-1647-COA

REGINALD DESMOND WALLACE                          APPELLANT

v.

STATE OF MISSISSIPPI                              APPELLEE

## MOTION FOR REHEARING

Reginald Wallace files this Motion for Rehearing from this Court's opinion in *Wallace v. State,* _____ So.3d _____, 2018 WL 3545111 (Miss. App. 2018).  In support thereof,  he states as follows:

Wallace was indicted along with four others for an armed robbery and kidnapping that took place in November of 2011.  He ended up pleading guilty pursuant to an "open plea"  in September of 2012 and was sentenced to thirty years' imprisonment.   In April of 2014, he filed a pro se motion for post-conviction relief raising various issues. When the state's response included an affidavit from Wallace's trial counsel mentioning that Wallace had rejected a plea offer to simple burglary, Wallace learned for the first time that there had been such  a plea offer. The Mississippi Supreme Court ordered that Wallace be given a hearing on the issue of whether that offer had been communicated. *Wallace v. State*, 184  So.3d 993, 1003 (Miss. App. 2016).

The trial court conducted a hearing in October of 2016 and denied relief finding that Wallace's trial counsel communicated the plea offer.  Wallace appealed and this Court held that the record did **not** support the trial court's conclusion that the offer was effectively communicated. *Wallace*, __ So.3d at ¶ 12. However, the Court concluded that Wallace failed to

1

# EXHIBIT C

prove that "he would have accepted the offer to plea[d] pursuant to the terms earlier proposed." *Wallace*, __ So.3d at ¶ 14.  The Court of Appeals found that the offer to plead to simple robbery would have included a provision whereby Wallace would testify against and implicate his brother Antonio in the robbery and that Wallace had made clear that he would not do so. *Wallace*, __ So.3d at ¶ 16. Therefore, Wallace failed to prove that he would have accepted the offer.  *Id.*

The problem with this holding, as noted by Justice Beam in her concurrence/dissent,[1] is that it is complete speculation.  The only evidence in the record before the Court is that the offer that Wallace's trial attorney failed to communicate was an offer to plead to simple robbery.  There is no evidence that there were any conditions on this offer (other than that it had to be accomplished that same day).  Since the offer had never been communicated to Reginald Wallace or his mother, they could not testify that it came with conditions.  The Assistant District Attorney who made the offer had no recollection of it and did not testify. T. 28.   Wallace's trial attorney, Ottowa Carter, mentioned that when Wallace's plea was taken and the prosecution was asked to state what it would have proved at trial, Carter objected when the prosecution mentioned the involvement of Antonio Wallace (Reginald's brother) because Reginald did not want to incriminate his brother.  T. 36-37.  But nowhere did Mr. Carter testify that the offer to plead to simple robbery came with any strings attached.  The trial court even questioned Mr. Carter and no evidence was adduced that the offer to plead to simple robbery required Reginald to testify against his brother.  T. 40-43.

---

[1] *Wallace*, __ So.3d at ¶ 28.

# EXHIBIT C

Even  Mr. Carter's affidavit filed as an exhibit to the State's answer to Wallace's original post conviction motion failed to include any evidence that the offer to plead to simple robbery carried with it any conditions other than that it had to be accomplished that day.

.  In its ruling from the bench, the trial court made no finding that the plea offer contained any conditions nor did the trial court  make a finding that Reginald Wallace would have refused the offer. T. 49-50.[2]

For this reason, the Court of Appeals was incorrect in holding that the plea offer would have required Reginald Wallace to testify against his brother and, thus, that Reginald would not have taken it. Reginald Wallace testified not only that he would have accepted a plea offer to simple robbery but that he had been asking his attorney to obtain such a plea offer for some time. T. 11.

For this reason, this Court should grant rehearing, reverse the trial court's order, and remand the case with instructions to require the prosecution to extend to Mr. Wallace an offer to plead guilty to simple robbery.  *See United States v. Arredondo-Meza*, 213 F. Supp. 3d 1311, 1325 (D. Idaho 2016).

Respectfully submitted,

Reginald Desmond Wallace

_____/s/ Jane E. Tucker_____
Jane E. Tucker


Jane E. Tucker MSB No. 1786
235 Melbourne Rd.
Jackson, MS 39206
(601) 291-2047
janetucker39@gmail.com

---

[2] The written order contained no findings. CP. 33.  It merely denied relief. *Id.*

3

# EXHIBIT C

## **CERTIFICATE OF SERVICE**

I, Jane E. Tucker,  attorney for Appellant, do hereby certify that I have filed the foregoing

via the Court's electronic filing system which automatically sent notice to the following:

Jim Hood
Attorney General of the State of Mississippi
P. O. Box 220
Jackson, Mississippi 39205

This, the 21ˢᵗ   day of August, 2018.

_____/s/ Jane E. Tucker_____
Jane E. Tucker

4

# EXHIBIT C