**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **REGINALD DESMOND WALLACE** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CASE NO. 3:19-CV-465-TSL-BWR** |
| | § | |
| | § | |
| **STATE OF MISSISSIPPI AND BURL CAIN, COMMISSIONER OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS,** | § | |
| | § | |
| **Respondents.** | § | |

**REPLY BRIEF IN SUPPORT OF THE PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**

Petitioner replies to the State's Answer as follows:

1. **The State has little to say about the absence of evidence that Petitioner's testimony against his brother was a condition of the plea offer and the existence of evidence that demonstrates the contrary.**

In explaining the basis for the Petitioner's challenge to the Mississippi Court of Appeals' finding that there was no prejudice, the Supplement to the Habeas Petition noted that "Judge Barnes' dissent correctly observed that there is 'nothing in the record to support [the majority's] conclusion' that (in the words of the majority) 'the complete terms of any plea agreement . . . included implicating his brother and cooperating with the State.'" The Supplement pointed out that no one testified to this; that defense counsel Ottawa Carter, who first brought the plea offer to light, never said there was a condition

requiring Mr. Wallace to implicate his brother; that the prosecutor never said anything about the possibility that any plea would have included such a condition; and the trial judge who presided over the post-conviction hearing never mentioned such a condition and made no finding that one existed. Doc. 27 at 5.

The Supplement also explained that Reginald Wallace was not required to testify against his brother as a condition for the plea he actually took and the prosecutor removed any mention of his brother from the factual basis for his plea. While the Court of Appeals speculated that he would have been required to testify against his brother given that one or more co-defendants was required to do so, those co-defendants received recommendations for suspended sentences that allowed them to serve only seven and ten years respectively, while the plea offered to Reginald contained no recommendation and carried a potential sentence of up to 15 years.[1] Given that the prosecutor already had the evidence he needed from other witnesses and evidence, it was reasonable to offer Reginald Wallace a plea that did not require him to testify as an extra witness against his own brother given the potential to get cold feet at the last minute about helping to send his brother to prison. And the prosecutor, Bryan Buckley, never mentioned during the post-conviction hearing the possibility that any simple robbery plea offer would have included a condition that Reginald Wallace testify against his brother. Doc. 27 at 5-7.

The State has little to say in response to these facts. It points out that prosecutor Buckley did not remember one way or the other about the simple robbery plea offer made

[1] Indeed, as the State points out, one of the co-defendants agreed to give testimony against any other co-defendants "in exchange" for the "recommendations that State may have." Doc. 28 at 31, citing Doc. 61 at 48. The offer to Reginald did not include a sentencing recommendation.

to Reginald. Doc. 28 at 31. That is certainly true. Doc. 6-7 at 28, 32. But faced with the recollection of defense trial counsel, Mr. Carter, that such a plea offer was made, prosecutor Buckley surely would have concluded that any such offer by him would have required Reginald to be a prosecution witness if that were the case. In other words, if the Court of Appeals was correct in its speculation that "[o]bviously the same [testimony against his brother] would have been required of Reginald," *Wallace v. State*, 264 So. 3d 1, 5 (Miss. App. 2018), the prosecutor would have articulated the same speculation at the post-conviction hearing. He would have said something like: "Your Honor, I don't remember such a plea offer one way or the other, but if I had made such a plea offer, it surely would have included the same requirement to testify against the brother that the co-defendants' pleas required. And Reginald Wallace wasn't prepared to do that." But the prosecutor said no such thing.

Similarly, when examining Mr. Carter on the stand at the post-conviction hearing, he never asked Mr. Carter if the plea offer included a requirement of testimony at the brother's trial. The prosecutor did mention, while examining Mr. Carter, a discussion at Reginald's actual plea hearing about "whether he was going to testify on behalf of his brother Antonio Wallace at trial." Doc. 6-7 at 36. But the prosecutor never followed that up by stating that any simple robbery plea would have required testimony *against* his brother or by asking Mr. Carter if testimony for the prosecution was a requirement of the simple robbery plea that Carter said had been offered or by asking Reginald Wallace if he would have agreed to testify against his brother if that were a condition of plea. All of

this indicates that the prosecutor was not interested in using Reginald as a witness against his brother.

The State points out that the only evidence of the plea offer was Mr. Carter's affidavit and his testimony. Doc. 28 at 31. That is true. But it was the State that actually submitted Mr. Carter's affidavit into the record and the Court of Appeals relied on Mr. Carter's testimony in concluding that the offer actually was made to Mr. Carter but never communicated to Reginald Wallace. 264 So. 3d at 3-4. Neither in his affidavit nor in his testimony did Mr. Carter, in describing the plea offer, say *anything* about Reginald Wallace being required to testify against his brother as a condition. Surely he would have mentioned it if that were the case.[2]

The State spends the better part of two pages of its Answer contending that both co-defendants Rush and Gates testified against Antonio Wallace. Doc. 28 at 31-32. While our Supplement briefly questions whether Gates testified at Antonio's trial, doc. 27 at 6 n.3, the Supplement then states: "[E]ven if they both [testified], there is nothing to support the finding that the State required Reginald Wallace to testify against his brother as a condition of the plea offer of robbery." *Id.* As already mentioned, his simple robbery plea offer was different than the offers they accepted and there is no indication that his offer included a requirement that he testify against his brother.

[2] The State asserts that "there is nothing in the record to support Reginald's conclusion that the [simple robbery] plea offer included any sentence recommendation." Doc. 28 at 35. But the Petitioner does not contend there was any sentence recommendation. Indeed, the Supplement explains that while the other co-defendants who were willing to testify received recommendations that allowed them only to serve seven and ten years, Reginald's simple robbery plea offer contained no such recommendation and he risked a sentence of the maximum fifteen years. Doc. 27 at 6. His was not the same offer as the co-defendants' offers and any requirement that they testify does not mean that his plea offer included the same requirement.

**2. The relevant case law supports Petitioner's position that the Mississippi Court of Appeals' decision was based on an unreasonable determination of facts.**

The State refers to two of the Fifth Circuit cases cited in the Supplement, noting that *Simmons v. Epps*, 654 F.3d 526 (5th Cir. 2011), involved "rank speculation" by the state court and that in *Batchelor v. Cain*, 682 F.3d 400 (5th Cir. 2012), there was "no basis" for the state court's factual finding. Given that, in this case, the simple robbery plea offer to Reginald was very different and less lenient than the ones to his co-defendants, that the prosecutor evinced no interest in Reginald testifying for the prosecution against his brother, that trial counsel for the defense mentioned no requirement of testimony as part of the simple robbery plea offer to Reginald, that the prosecutor never indicated that such an offer to Reginald would have required testimony, and that the state trial court judge never mentioned or made a finding regarding such a requirement at the post-conviction hearing, the Court of Appeals' finding that the plea offer included such a requirement was "rank speculation" and was without "any basis." Moreover, the other cases cited in our Supplement, doc. 27 at 8, demonstrate that when a state court finding is unsupported by the record, it has been rebutted by clear and convincing evidence for purposes of 28 USC 2254(e)(1), the ultimate decision that rests on that finding is unreasonable for purposes of 28 USC 2254(d)(2), and federal habeas relief is appropriate.[3]

[3] In two rather odd footnotes, the State seems to suggest to this Court, somewhat hazily, that it should second-guess the Mississippi Court of Appeals' holding that defense counsel was required to communicate the simple robbery plea offer to Reginald Wallace and that defense counsel failed to do so. Doc. 28 at 27-28 nn. 10-11. But those findings in favor of the defense are entitled to a presumption of correctness and unless the State can demonstrate they are unreasonable under 28 USC 2254(d), they

In light of all of this, the Petitioner has satisfied the first prong of the test from *Missouri v. Frye*, 566 U.S. 134, 147-48 (2012), for establishing prejudice stemming from the failure to communicate the plea—a test set forth at pp. 29 and 38 of the State's Answer. We have demonstrated that the Court of Appeals acted unreasonably in speculating that the simple robbery plea offer required Reginald to testify against his brother. The Petitioner testified in the post-conviction hearing that he would have accepted the plea. Doc. 27 at 4; Doc. 6-7 at 8-9, 11. Given the absence of proof that the plea included a requirement he testify, it is clear that, in the words of *Frye's* first prong, "he would have accepted the offer to plead" to simple robbery.

The second prong addresses whether "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." Unlike the defendant in *Frye*, 566 U.S. at 138-139, 151, Reginald did not commit a crime after the plea was offered that might have caused the prosecution to cancel it or the trial court to reject it. As for the third prong, it is clear that the end result of pleading to the lesser charge of simple robbery would have yielded a maximum sentence of 15 years, which is far less than his current 30 year sentence, and is therefore "more favorable." Nevertheless, the State points to the requisite deference to state courts and the differing opinions in the Court of Appeals and suggests they reflect a "possibility for fairminded disagreement" that precludes habeas relief. Doc. 28 at 38, *citing Harrington v. Richter*, 562 U.S.

---

cannot be cast aside. *Young v. Dretke*, 356 F. 3d 616, 628-29 (5th Cir. 2004). The State does not even attempt to carry that burden and does not contend that those findings were unreasonable. Instead, in the first sentence of fn. 11, it concedes "the reasonableness of the [Court of Appeals'] majority's determination that Carter's performance was deficient."

86,102-03 (2011). But there is always disagreement with a state court when a federal court grants habeas relief, yet the Supreme Court has made it clear that "deference does not by definition preclude relief." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). "A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence." *Id; see also, Wiggins v. Smith*, 539 U.S. 510 (2003) (granting habeas relief for ineffective assistance of counsel after concluding that the decision of the Maryland Court of Appeals was "unreasonable"); *Brumfield v. Cain*, 576 U.S. 305, 322 (concluding that the Louisiana state court's ruling was based on an "unreasonable determination of the facts" and granting habeas relief). Indeed, in each of these cases, there was disagreement within the U.S. Supreme Court about whether the state court decisions were unreasonable, and there were dissenting opinions in each of them. But disagreement among jurists does not preclude federal habeas relief. If it did, the writ of habeas corpus would never be granted.

According to the State, the Petitioner cannot prove that "law and justice require relief, especially in light of [Reginald Wallace's] admission of guilt to the crimes of conviction." Doc. 28 at 29. The State cites *Shinn v. Ramirez*, 142 S. Ct. 1718, 1731 (2022) and *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022). In both of those cases, the Supreme Court mentions the concept of "law and justice" but does not set forth a blanket requirement of factual innocence for habeas relief in all cases. The State also cites a Fifth Circuit decision issued in December 2022 in *Crawford v. Cain*, 55 F.4th 981, 2022 WL 17689181 (5th Cir. Dec. 15, 2022). In that case, the Court selected certain

fragmented quotations from *Brown* and *Shinn* in order to claim that "[f]actual innocence—not legal innocence—satisfies the law-and-justice requirement." *Id.* at *23. Because the Petitioner's claim in that case involved the absence of expert funding for an insanity defense, the Court held he had not demonstrated factual innocence:

> Crawford has not made a colorable claim of factual innocence. Crawford does not deny that he committed the elements of the offense. He raped Roberts. Instead, he at most asserts that he wasn't legally culpable under Mississippi law because of the affirmative defense of insanity. . . . But affirmative defenses go to legal innocence—not factual innocence.

*Id.* at *24-25.

But the present case involves a violation of the Supreme Court's holding in *Missouri v. Frye,* 566 U.S. 134, 145 (2012) regarding the effective assistance of counsel under the Sixth and Fourteenth Amendments when defense counsel fails to communicate a plea offer to the client. "When defense counsel allowed the [plea] offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." *Id.* Obviously, a plea offer, if accepted, involves an admission of guilt. *Frye* was similar to the present case in the sense that counsel failed to communicate a plea to a lesser charge to the defendant who ended up pleading to a greater charge. *Id.* at 138-39. Whatever the scope and merit of the Fifth Circuit's holding in *Crawford,* it does not apply to cases alleging *Frye* violations, and the Fifth Circuit never said it did. If this Court were to follow the State's insinuation and hold that an actual innocence requirement applies in this case, it would

effectively overrule the Supreme Court's holding in *Frye,* which is something this Court does not have the authority to do.[4]

**3. The proper remedy is to require the State to re-offer the plea agreement.**

Finally, as to remedy, the State points to the Supreme Court's statement in *Frye* that there was "reason to doubt" whether the plea offer, "if accepted by Frye, would have been adhered to by the prosecution and accepted by the trial court." Doc. 28 at 40 *quoting* 566 U.S. at 150-151. But that was because after the plea offer regarding Frye's August 2007 arrest for driving with a revoked license was communicated to defense counsel (but not passed on to Frye), Frye was arrested for the same thing on December 30, 2007. *Id.* at 138-39. Thus, the Supreme Court said that "given Frye's new offense for driving without a license on December 30, 2007, there is reason to doubt that the prosecution would have adhered to the agreement or that the trial court would have accepted it . . . ." *Id.* at 151. Although that reason for doubt led the Supreme Court to remand Frye's case to the state courts to address that question, nothing like that occurred in this case and there is no need to follow the State's suggestion that "this Court should remand to the state court to decide the other prongs of the *Frye* test." Doc. 28 at 40.

---

[4] For present purposes, the fact that this case involves a *Frye* claim means that the decision in *Crawford* has no bearing on it. That is as far as this Court needs to go. But it is worth noting that to the extent *Crawford* purports to adopt a requirement that factual innocence be proven before petitioners can succeed on the merits of certain habeas claims, that holding would be questionable. In the last 70 years that comprise what many regard as the modern era of federal habeas review, a showing of actual innocence has never been required as a precondition for habeas relief under § 2254(a). During that time, the Supreme Court has granted relief in many cases without innocence showings, and Congress has amended and re-amended the statutory scheme in ways that make innocence relevant to certain procedural questions but do not require it for relief on the merits of a procedurally viable claim.

As the Supreme Court held in *Lafler v. Cooper*, 566 U.S. 156, 174 (2012), "[t]he correct remedy in these circumstances . . . is to require the State to reoffer the plea agreement." Once the Petitioner accepts the plea, the trial court can exercise whatever authority and discretion it has under Mississippi law.

For the foregoing reasons, and for those set forth in the prior pleadings, this Court should issue the writ of habeas corpus with directions that the judgment be vacated and the plea offer be reinstated.[5]

Respectfully submitted,

*s/ Robert B. McDuff*

ROBERT B. MCDUFF
Miss. Bar No. 2532
767 North Congress Street
Jackson, Mississippi 39202
(601) 259-8484
rbm@mcdufflaw.com

[5] The State urges this Court to deny a Certificate of Appealability (COA) if it denies relief. But surely the Petitioner's claim is serious enough to require a COA.

JENNIFER S. FREEL
Texas Bar No. 24051327 (*pro hac vice* )
jfreel@jw.com
JACKSON WALKER L.L.P.
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2330

EMILY M. RHINE
Texas Bar No. 24110812 (*pro hac vice* )
erhine@jw.com
JACKSON WALKER L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-5675

COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing using the ECF system which provides notification to all counsel of record.

This 20th day of January, 2023.

*s/ Robert B. McDuff*
Counsel for Petitioner