IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**REGINALD DESMOND WALLACE**                                    **PETITIONER**

v.                                      **CIVIL ACTION NO. 3:19-CV-465-TSL-BWR**

**STATE OF MISSISSIPPI, ET AL.**                                  **RESPONDENTS**

**MOTION FOR LEAVE TO FILE SUR-REPLY TO
PETITIONER'S REPLY TO RESPONDENTS' ANSWER**

Respondents move this Court for leave to file a sur-reply to Petitioner Reginald Desmond Wallace's Reply (Doc. 29) to Respondents' Answer (Doc. 28) to his federal habeas petition and supplement (Docs. 1, 27). In support, Respondents submit the following:

**I. Introduction**

Reginald makes new, substantive arguments in his Reply to Respondents' Answer, as discussed below. Respondents thus request the opportunity to respond to those arguments.

**II. Procedural History**

Reginald filed a federal habeas petition and a supplement to that petition and raised a sole claim for relief—ineffective assistance of his plea-bargaining counsel for failure to communicate the terms of a simple robbery plea offer. Docs. 1, 27. Reginald argued that "[]his petition relied upon the second clause" of 28 U.S.C. § 2254(d). Doc. 27. Reginald alleged that the Mississippi Court of Appeals unreasonably determined certain facts—specifically, that he failed to prove prejudice because he could not show

that he would have accepted the complete terms of the simple robbery plea offer, which would have included cooperating with the State and testifying against his brother. Docs. 1, 27. Reginald's initial petition briefly mentioned the *Missouri v. Frye*[1] three-part test for a complete showing of *Strickland* prejudice in the plea-bargaining context, but he only addressed the one factor that the Mississippi Court of Appeals addressed and did not otherwise substantively address the remaining factors. *See* Doc. 1 at 11 (citing the *Frye* test discussed in *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012)). And his supplement wholly failed to even discuss it. Doc. 27. Rather, he specifically claimed that he was entitled to federal habeas relief *solely* on his factual argument under 28 U.S.C. § 2254(d)(2). Doc. 27.

In response, Respondents set forth the three-part test for proving *Strickland* prejudice in the context of an alleged uncommunicated, lapsed plea offer. *See* Doc. 28 at 28–29 (citing *Frye*, 566 U.S. at 147–49). Respondents stated that Reginald must satisfy *all* factors of that three-part *Frye* test to make a complete showing of *Strickland* prejudice but did not engage in a *de novo* review of the two factors that the state court did not address, and that Reginald did not challenge. Doc. 28 at 28–29, 38–39. Respondents concluded that, if this Court determined that Reginald's fact-based arguments under 28 U.S.C. § 2254(d)(2) had merit, this Court should remand to the state court to determine the other two factors of the *Frye* test in the first instance, especially since one of two the factors involved a novel state-law issue. Doc. 28 at 39–40. Respondents also cited recent Supreme Court cases and a recent Fifth

---

[1] *Missouri v. Frye*, 566 U.S. 134, 147–49 (2012)

2

Circuit case, indicating that, not only would Reginald have to overcome AEDPA deference to his claims, but he would also have to establish that his claim succeeds on the merits. Doc. 28 at 25, 29, 39 (citing *Crawford v. Cain*, — F.4th —, 2022 WL 17689181, at *6 (5th Cir. Dec. 15, 2022) (quoting *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) (quoting 28 U.S.C. § 2241, 2243)) (other citation omitted); *see also Shinn v. Ramirez*, 142 S. Ct. 1718, 1731 (2022)).

In reply, Reginald makes new arguments that he satisfies all three parts of the *Frye* test to prove *Strickland* prejudice, as well as arguments disputing *Crawford* and its applicability to this case. Doc. 29 at 6–7.[2] Respondents thus request that this Court grant Respondents leave to file a sur-reply to address any new arguments raised by Reginald in his reply.

## III. Analysis

Although Rule 7 of the Local Rules of Civil Procedure only contemplates the filing of a motion, a response, and a reply, if the moving party raises "new arguments in the reply brief, that is, raised arguments in the [r]eply that went beyond rebutting the [r]esponse, it might be appropriate for the court to allow a surreply." *See* L. U. Civ. R. 7(b)(4); *Brown v. Wiggins*, No. 3:18-CV-487-HTW-LRA, 2019 WL 3723628, at *2 (S.D. Miss. Aug. 7, 2019). While "surreplies are heavily disfavored, … this Court may grant motions for leave to file a surreply in the exercise of its sound discretion,"

---

[2] The Fifth Circuit decided *Crawford* after Reginald filed his initial petition and supplement, and Crawford has now requested rehearing from the Fifth Circuit. *See Crawford v. Cain, et al.*, No. 20-61019, Petitions for Panel Rehearing and Rehearing En Banc (5th Cir. Jan. 27, 2023).

3

especially if this Court would consider Reginald's new arguments in his Reply in a decision in this case. *Geiger v. Monroe County, Mississippi*, 1:16-CV-95-DMB-DAS, 2022 WL 4467656, at *1 (N.D. Miss. Sept. 26, 2022) (cleaned up). Indeed, the federal district courts in Mississippi regularly entertain sur-replies in federal habeas actions, like the one requested by Respondents. *See e.g., Jordan v. Brooks*, No. 1:21-CV-32-DMB-DAS, 2022 WL 55530, at *2 (N.D. Miss. Jan. 5, 2022); *Lyons v. King*, No. 3:19-CV-326-CWR-FKB, 2021 WL 6052578, at *3 (S.D. Miss. Nov. 3, 2021), *report and recommendation adopted*, 2021 WL 6051082 (S.D. Miss. Dec. 21, 2021); *Turner v. Errington,* No. 1:19-CV-52-HSO-MTP, 2020 WL 5351601, at *2 (S.D. Miss. Aug. 6, 2020)*, report and recommendation adopted,* 2020 WL 5351072 (S.D. Miss. Sept. 4, 2020); *Crawford v. Hall, et al.*, No. 3:17-CV-105-MPM-DAS, Doc. 17 (N.D. Miss. June 12, 2018); *Sanders v. Mississippi,* No. 1:12-CV-150-SA-DAS, 2015 WL 1954421, at *1 (N.D. Miss. Apr. 29, 2015).

In his reply, Reginald engages in a new analysis of the two previously unaddressed factors from the *Frye* test. Doc. 29 at 6. As explained, Respondents did not engage in a *de novo* review of these other two *Frye* factors in the Answer because Reginald did not challenge them, and the Mississippi Court of Appeals did not address them. *See* Doc. 28 at 38–40. Respondents even acknowledged this Court's ability to remand to the state court to address these two factors in the first instance. *See* Doc. 28 at 38–40. So Reginald is not rebutting any argument made by Respondents. Accordingly, if this Court is inclined to consider Reginald's new arguments in his Reply, Respondents request that this Court grant Respondents

4

leave to file a sur-reply to analyze these new arguments and set a reasonable deadline for that sur-reply. *See Brown*, 2019 WL 3723628, at *2 (allowing a sur-reply "to enable this [C]ourt to have the most information possible at its disposal"). Counsel for Reginald have indicated that they oppose Respondents' request to file a sur-reply, but "[t]o allow [Reginald] to have the last word in this matter as contemplated by Rule 7(b)(4)," this Court may also allow him "the opportunity to file a response to the sur-reply if he so chooses." *Id.*

## IV.  Conclusion

Reginald raises new arguments in his Reply to Respondent's Answer. Respondents thus request that this Court grant Respondents leave to file a sur-reply to Reginald's Reply and set a reasonable deadline for that sur-reply and any response. Respondents further request that this Court dispense with the requirement of filing a brief in support of this Motion because it is self-explanatory.

THIS the 27th day of January, 2023.

                                                      LYNN FITCH
                                                      Attorney General of Mississippi

BY:   /s/ *Erin E. Rutherford*
        ERIN E. RUTHERFORD
        MS Bar No. 104256
        Special Assistant Attorney General
        STATE OF MISSISSIPPI
        OFFICE OF THE ATTORNEY GENERAL
        Post Office Box 220
        Jackson, Mississippi 39205
        Telephone: 601.359.3860
        Email: Erin.Rutherford@ago.ms.gov

        *Counsel for Respondents*

## CERTIFICATE OF SERVICE

I, Erin E. Rutherford, certify that I have electronically filed this document with the Clerk of the Court using the ECF system, which sent notification to United States Magistrate Judge Bradley W. Rath and all counsel of record.

THIS, the 27th day of January, 2023.

/s/ *Erin E. Rutherford*
ERIN E. RUTHERFORD

*Counsel for Respondents*