IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **REGINALD DESMOND WALLACE** § § | |
| Petitioner, § | |
| § | |
| v.  § | CASE NO. 3:19-CV-465-TSL-BWR |
| § | |
| § | |
| **STATE OF MISSISSIPPI AND BURL CAIN, COMMISSIONER OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS,** § § § § § § | |
| § | |
| Respondents. § | |

**PETITIONER'S RESPONSE IN OPPOSITION TO
THE STATE'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Even though there is thorough briefing in this case, including the State's 41 page Answer [doc. 28], the State now moves to add more to the collection by filing a sur-reply. [Doc. 30]. The State claims that Petitioner's reply brief [doc. 29] " engages in a new analysis of the two previously unaddressed factors from the *Frye* test" and that it should be allowed to address that alleged "new analysis" in a sur-reply. Doc. 30 at 4.

At pages 29 and 38-39 of its Answer [doc. 38], the State set out the three prongs of the test from *Missouri v. Frye,* 566 U.S. 134, 147-48 (2012), for establishing prejudice from the failure to communicate a plea. The State contended that the Petitioner has not met the first prong and then, at p. 40, said "if this Court determines that Reginald has met

his burden under AEDPA as to the first prong of the Frye test, this Court should remand to the state court to decide the other prongs of the Frye test."

In response to those citations and that statement, the Petitioner (in addition to arguing that he met the first prong) said in his reply brief:

> The second prong addresses whether "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it. Unlike the defendant in *Frye,* 566 U.S. at 138-139, 151, Reginald did not commit a crime after the plea was offered that might have caused the prosecution to cancel it or the trial court to reject it.  As for the third prong, it is clear that the end result of pleading to the lesser charge of simple robbery would have yielded a maximum sentence of 15 years, which is far less than his current 30 year sentence, and is therefore "more favorable."

[Doc. 29] at 6.  Regarding the State's suggestion of a remand regarding the second and third prongs, the Petitioner said:

> Finally, as to remedy, the State points to the Supreme Court's statement in *Frye* that there was "reason to doubt" whether the plea offer, "if accepted by Frye, would have been adhered to by the prosecution and accepted by the trial court." Doc. 28 at 40 *quoting* 566 U.S. at 150-151.  But that was because after the plea offer regarding Frye's August 2007 arrest for driving with a revoked license was communicated to defense counsel (but not passed on to Frye), Frye was arrested for the same thing on December 30, 2007.  *Id.* at 138-39.  Thus, the Supreme Court said that "given Frye's new offense for driving without a license on December 30, 2007, there is reason to doubt that the prosecution would have adhered to the agreement or that the trial court would have accepted it . . . ." *Id.* at 151.  Although that reason for doubt led the Supreme Court to remand Frye's case to the state courts to address that question, nothing like that occurred in this case and there is no need to follow the State's suggestion that "this Court should remand to the state court to decide the other prongs of the *Frye* test."  Doc. 28 at 40.

[Doc. 29 at 9.

These are basic responses to the State's citations to the three prongs of the *Frye* test and its argument regarding remand.  This is the sort of thing that is a frequent feature

of reply briefs. It does not justify a sur-reply, which, as the State concedes, is "heavily disfavored." [Doc. 30 at 3]. If this sort of reply justified a sur-rebuttal, then sur-rebuttal briefs would be a routine feature of federal litigation, not something that is "heavily disfavored."

The only allegedly "new" argument the State mentions is the passages just quoted that relate to the second and third prongs of the *Frye* test. The State also notes that the Petitioner disputed the relevance of *Crawford v. Cain,* 55 F.4th 981 (5th Cir. 2022) to the present case, but does not suggest that it is a "new" argument [doc. 30 at 3] and does not mention it in the "Analysis" section of its motion. Presumably, the State is not asking to include this in its proposed sur-reply brief and it would have no basis to do so.

The briefing in this Court is completed and there is no need to extend it. Accordingly, the motion for leave to file a sur-reply should be denied. If it is granted, the Petitioner should be given an opportunity to respond to the sur-reply, as suggested by the State. [Doc. 30 at 5].

Respectfully submitted,

*s/ Robert B. McDuff*
ROBERT B. MCDUFF
Miss. Bar No. 2532
767 North Congress Street
Jackson, Mississippi 39202
(601) 259-8484
rbm@mcdufflaw.com

JENNIFER S. FREEL
Texas Bar No. 24051327 (*pro hac vice*)
jfreel@jw.com
JACKSON WALKER L.L.P.
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2330

EMILY M. RHINE
Texas Bar No. 24110812 (*pro hac vice*)
erhine@jw.com
JACKSON WALKER L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-5675

COUNSEL FOR PETITIONER

- 5 -

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing using the ECF system which provides notification to all counsel of record.

This 31st day of January, 2023.

<u>*s/ Robert B. McDuff*</u><br>
Counsel for Petitioner