IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**REGINALD DESMOND WALLACE**                                    **PETITIONER**

**v.**                           **CIVIL ACTION NO. 3:19-cv-00465-TSL-BWR**

**STATE OF MISSISSIPPI and**
**COMMISSIONER OF THE MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS**                                **RESPONDENT**

### ORDER DENYING RESPONDENTS' MOTION FOR LEAVE TO FILE SURREPLY TO PETITIONER'S REPLY TO RESPONDENTS' ANSWER

BEFORE THE COURT is a Respondents' Motion for Leave to File Surreply to Petitioner's Reply to Respondents' Answer [30]. Petitioner has filed a Response [31] in opposition to the Motion. Having considered these submissions, the record, and relevant law, the undersigned finds that Respondents' Motion [30] should be denied.

### I. BACKGROUND

Petitioner signed his initial Petition on July 3, 2019, and it was filed in this Court the same day. The State responded with a Motion to Dismiss asserting that the Petition was untimely. On January 8, 2020, the Motion to Dismiss for untimeliness was granted, and the case dismissed with prejudice. On appeal, the Court of Appeals for the Fifth Circuit vacated the dismissal of the Petition on August 8, 2022 and remanded for further proceedings. On remand, the parties agreed to a briefing schedule, which allowed Petitioner to supplement the Petition and set deadlines for a response and reply.

Petitioner's Supplemental Petition [27] was filed on November 22, 2022, Respondents filed an Answer [28] on January 5, 2023, and Petitioner filed a Reply

[29] on January 20, 2023. A week after Petitioner filed his Reply, Respondents moved for leave to file a surreply. Respondents argue that Petitioner's Reply engages in a new analysis of two factors from *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) that Petitioner did not substantively address in either the Petition or Supplemental Petition, and only addressed after Respondents raised the two factors in its Answer. Respondents request an opportunity to respond to Petitioner's position on the second and third *Frye* factors through a surreply. Petitioner opposes the Motion for Leave to File Surreply [30], urging that the two paragraphs in its Reply addressing the second and third *Frye* factors were "basic responses to the State's citations to the three prongs of the *Frye* test and its argument regarding remand." [31] at 2.

## II. DISCUSSION

Neither the Federal Rules of Civil Procedure nor the Court's Local Rules permit the filing of surreplies. Surreplies are heavily disfavored as they are often a strategic effort by the nonmoving part to have the last word on a matter. *See RedHawk Holdings Corp. v. Schreiber Tr. ex rel. Schreiber Living Tr.*, 836 F. App'x 232, 235 (5th Cir. 2020) (acknowledging "there is no right to file a surreply and surreplies are 'heavily disfavored'"); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (finding district court did not abuse its discretion by denying a party's motion to file a surreply because the other party "did not raise any new arguments in its reply brief").

Respondents' Motion for Leave to File Surreply should be denied because Petitioner's analysis of the second and third *Frye* factors in his Reply was made in

response to Respondents raising these factors in their Answer. The consensus of authority concludes that a surreply should not be allowed under these circumstances.[1] The Motion for Leave to File Surreply is further denied because Respondents did not attach a proposed surreply to their Motion.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' Motion for Leave to File Surreply to Petitioner's Reply to Respondents' Answer [30] is **DENIED**.

**SO ORDERED**, this the 6th day of September, 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Key v. Shelby Cnty.*, 551 F. App'x 262, 264 (6th Cir. 2014) (denying leave to file surreply where reply affidavits "merely responded to Key's argument presented in her response brief"); *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) (finding "[r]eply briefs reply to arguments made in the response brief"); *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020) (finding "a sur-reply is unwarranted because Crenshaw's reply merely responds to arguments made by Defendants in their response"); *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013) (finding "[w]here the arguments made by Defendants in their reply brief are merely responses to new arguments made by Plaintiffs in their response, a surreply is not appropriate"); *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) (finding "[t]he scope of the reply should be limited to addressing the arguments raised by the memorandum in opposition"); *Gates Corp. v. Dorman Products, Inc.*, No. 09-cv-02058-CMA-KLM, 2009 WL 4675099, at *2 (D. Colo. Dec. 7, 2009) (finding "though Defendant first mentioned Fed.R.Civ.P. 9(b) in its Reply Brief, it did so as a direct rebuttal to Plaintiff's contention in the Response Brief that the pleading requirements of Fed.R.Civ.P. 8(a) govern"); *Staton Holdings, Inc. v. First Data Corp.*, No. CIV.A. 304CV2321P, 2005 WL 2219249, at *4 n.1 (N.D. Tex. Sept. 9, 2005) (finding "[t]he scope of the reply brief must be limited to addressing the arguments raised by the [response]"); *Owens v. Metro. Life Ins. Co.*, 323 F.R.D. 411, 414 (N.D. Ga. 2017) (finding "Plaintiff's reply brief directly addresses arguments raised by Defendant in its response brief and does not raise new arguments or facts.")