IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| REGINALD DESMOND WALLACE | § § § | |
| Petitioner, | § § | |
| v. | § § | CASE NO. 3:19-CV-465-TSL-BWR |
| | § § § | |
| STATE OF MISSISSIPPI AND BURL CAIN, COMMISSIONER OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, | § § § § § | |
| Respondents. | § § | |

**PETITIONER'S OBJECTIONS TO THE
MAGISTRATE'S REPORT AND RECOMMENDATION**

This case is on remand from the Fifth Circuit after it reversed this Court's earlier order dismissing the federal habeas petition filed by Reginald Desmond Wallace as untimely. The Fifth Circuit disagreed with this Court, held instead that the petition was timely filed, and ordered this Court to address the Petitioner's claim on the merits. *Wallace v. State of Mississippi,* 43 F.4th 482 (5th Cir. 2022). After supplemental briefing by new counsel [27], an answer by the State [28], and a reply brief on behalf of Petitioner [29], the Magistrate wrongly recommended denial of the petition [33]. The Petitioner now submits his objections to the Magistrate's Report and Recommendation ["R&R"].

28 U.S.C. § 2254(d) provides that an application for a writ of habeas corpus should be granted if the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the

Supreme Court of the United States; or (2) resulted in a decision that was based on an *unreasonable determination of the facts* in light of the evidence presented in the State court proceeding." (emphasis added). This petition relies upon the second clause. The decision to deny state post-conviction relief, via a split decision with a strong dissent, by the Mississippi Court of Appeals—which was the most recent state court to address the issue—was based on an unreasonable determination of the facts.

28 U.S.C. § 2254(e)(1) does not change this conclusion. It provides that "a determination of a factual issue made by a State court shall be presumed to be correct" in a subsequent federal habeas proceeding and that the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." As explained below, the Court of Appeals's conclusion that Petitioner would not have accepted the simple robbery plea is unsupported by the record and relies on blatant speculation. Thus, the Court of Appeals's finding has been rebutted by clear and convincing evidence for purposes of Section 2254(e)(1).[1]

Petitioner Reginald Wallace pled guilty to armed robbery, kidnapping, and conspiracy in the Circuit Court of Madison County and was sentenced to thirty years in prison. During state post-conviction proceedings, his defense counsel in the trial court, Ottawa Carter, for the first time disclosed that the prosecution had communicated to him that Mr. Wallace could plead guilty to the lesser offense of robbery (sometimes known as "simple robbery" to distinguish it from armed robbery) which carried a fifteen year maximum sentence. The Court of Appeals later held that the post-conviction testimony of Mr. Carter indicated that he had not informed Mr. Wallace of the offer to plead guilty to robbery. *Wallace v. State,* 264 So. 3d 1, 3-4 (Miss. App.

---

[1] The Supreme Court has not defined the precise relationship between § 2254(d)(2) and § 2254(e)(1), *Brumfield v. Cain*, 135 S. Ct. 2269, 2282 (2015).

2018). That finding would normally mandate that the sentence be vacated and the prosecution required to re-offer the plea.

As the Supreme Court stated in *Lafler v. Cooper,* 566 U.S. 156, 174 (2012), where defense counsel fails to comply with the Sixth Amendment's requirement of informing the client of a plea offer and the failure leads to a longer sentence, "[t]he correct remedy . . . is to require the State to reoffer the plea agreement." But the Mississippi Court of Appeals also held that the plea offer required Mr. Wallace to testify against his brother, who also was charged, and that Mr. Wallace had not demonstrated that he would have accepted a plea with such a condition. On that basis, the Court of Appeals denied relief. 264 So. 3d at 5.

However, as stated by Judge Barnes in her dissent for herself and two other Court of Appeals judges, there is "nothing in the record to support that conclusion." *Id.* at 8 (Barnes, J., dissenting). As explained more fully below, no one ever testified that this was a condition of the plea and the trial court never made such a finding after hearing the post-conviction evidence. The prosecutor who offered the plea participated in the evidentiary hearing and never mentioned that it was a conditional offer. Indeed, the evidence indicates the opposite. The Court of Appeals's decision to deny relief was therefore based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Therefore, the Court should reject the R&R and issue the writ of habeas corpus.

## STATEMENT OF FACTS

The lengthy history of this case is laid out in detail in the Petition [1], but the key facts are these: In June of 2013 Mr. Wallace accepted an "open plea" to armed robbery, kidnapping, and conspiracy on the advice of his state court defense attorney, Ottawa Carter, and was sentenced to thirty years in prison. After filing a motion for state post-conviction relief, Mr.

Wallace learned for the first time that the prosecution had extended to his counsel an offer for him to plead guilty to robbery. This plea would have carried a maximum sentence of fifteen years. *Wallace v. State,* 264 So. 3d 1, at 3 & n.1 (Miss. App. 2018).

The existence of this plea offer was discussed in an affidavit that the prosecution obtained from Mr. Carter and attached to its post-conviction response. In it, Mr. Carter stated that he relayed the robbery offer to Mr. Wallace and his mother, but Mr. Wallace did not accept it. Mr. Wallace and his mother then both wrote to the court claiming this was the first they had heard about that offer. The trial court denied the request for post-conviction relief. Mr. Wallace appealed and the Mississippi Court of Appeals reversed and remanded the case for an evidentiary hearing on whether Mr. Carter communicated to Mr. Wallace the offer to plead to robbery. *Wallace v. State*, 184 So. 3d 993, 1001-03 (Miss. Ct. App. 2016).

During the evidentiary hearing, Mr. Carter testified that he did not recall communicating the robbery plea offer to Mr. Wallace and that it was possible he did not do so. He added that the plea offer, if accepted, was something that had to be done that day and that he should have immediately disclosed it to his client. Mr. Wallace testified that it was never communicated to him and that if he had known of it, he would have accepted it. He testified that he had previously asked Mr. Carter on multiple occasions to see if he could negotiate a plea to robbery. Because the plea offer was not accepted that day, it lapsed. Thereafter, Mr. Wallace's only plea option was the one he later took, pleading guilty to kidnapping, armed robbery, and conspiracy. As already mentioned, Mr. Wallace was sentenced to thirty years in prison rather than the 15-year maximum that would have existed under the robbery plea—a plea he testified he would have accepted had it been conveyed to him.

After the post-conviction hearing, the trial court again denied Mr. Wallace relief. On appeal, the Mississippi Court of Appeals employed a *de novo* standard of review and held that "the sworn testimony elicited at the evidentiary hearing does not support the trial court's finding that Reginald's attorney effectively communicated the plea offer to Reginald." 264 So.3d at 4.

However, despite this finding and despite noting that "Reginald testified that if offered the chance, he would have pled guilty to simple robbery," *id.,* the Court of Appeals affirmed the denial of relief. The reason, according to the Court, was that "Reginald failed to demonstrate that he would have accepted the complete terms of any plea agreement, which included implicating his brother and cooperating with the State." *Id.* at 5. Judge Barnes, joined by two others, dissented, stating that there is "nothing in the record to support that conclusion." *Id.* at 8.

After certiorari was denied by the Mississippi Supreme Court, this federal habeas case was instituted by Mr. Wallace. As mentioned earlier, this Court dismissed it as untimely. The Fifth Circuit reversed, held it was timely, and remanded for this Court to address the petition on its merits. After further briefing and the filing of the State's answer, the Magistrate issued the R&R recommending denial of the petition. First, the Magistrate stated that Petitioner failed to demonstrate by clear and convincing evidence that the Mississippi Court of Appeals made an "unreasonable determination of the facts" when it concluded the plea agreement included implicating his brother and cooperating with the State. [33 at 21-27]. Second, he concluded that the Petitioner had an obligation to provide "affirmative proof that the prosecution would not have withdrawn [the] plea bargain or that Judge Chapman would have accepted a bargain for Petitioner to plead to simple robbery" and had failed to do so. [33 at 29]. The Petitioner objects to both of these aspects of the R&R.

## STANDARD OF REVIEW

When a party objects to a report and recommendation, the Court is required to conduct a *de novo* review of that portion of the report that draws objection from any party. 28 U.S.C. § 636(b)(1). The Court must independently examine the record and assess the applicable law. The district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Garcia v. Boldin*, 691 F.2d 1172, 1179 (5th Cir. 1982).

## ARGUMENT

**1. Part One of the R&R wrongly concluded that the state court made a reasonable determination of the facts.**

The crux of the Magistrate's conclusion on the first point is set forth as follows:

> Petitioner's claim arises from an oral plea offer, not memorialized on the record, that the prosecutor does not recall offering, and only Petitioner's plea-bargaining counsel remembers. The terms of the simple robbery plea offer would not be found in the state court record unless Petitioner or the prosecution supplemented the record with that information during the state court postconviction evidentiary hearing before Judge Chapman, which the Mississippi Court of Appeals gave Petitioner the opportunity to do. *See* Wallace, 264 So. 3d at 3 ("The evidentiary hearing we ordered was Reginald's opportunity to present and supplement the record on his only remaining PCR claim of ineffective assistance of counsel.").
>
> Petitioner's ineffective assistance of counsel claim required him to prove that "he would have accepted the offer to plea pursuant to the terms earlier proposed." *Frye*, 566 U.S. at 134. Yet, neither Carter nor Buckley, the only two people who would have known, were asked at the state postconviction evidentiary hearing what the terms of the simple robbery offer were. Buckley was not called to testify, period, and did not remember the simple robbery plea offer anyway. Petitioner points out that when Buckley cross-examined Carter at the evidentiary hearing, Buckley "never asked Mr. Carter if the plea offer included a requirement of testimony at the brother's trial." Pet'r Reply [29] at 5. Petitioner posits that "[a]t no time did Mr. Buckley" "ask Mr. Carter if the robbery plea had such a condition" or "ask Mr. Wallace if he would have accepted such a condition." Supp. Pet. [27] at 7. But it was Petitioner's burden, not the prosecutor's, to prove that Petitioner would have accepted the terms of the simple robbery plea offer.

[33] at 21-22. The Magistrate follows this by claiming that "[i]t is illogical to allow Petitioner to repackage 'absence of proof' as overcoming §§2254(d)(2) and (e)(1) when Petitioner had a

chance to develop the state court record at the state postconviction evidentiary hearing." *Id.* at 22. This reasoning is erroneous in multiple respects.

The terms of the plea agreement were testified to by Mr. Carter at the post-conviction hearing, where he explained that it was an oral offer of a plea to simple robbery but it had to be accepted that day. [6-7 at 26 (transcript page # 25)]. Moreover, while the prosecutor, Mr. Buckley, was not called as a witness and did not remember the details of the plea, he remembered the case. As explained in Petitioner's reply brief, [29 at 3], when faced with the recollection of defense trial counsel that such a plea offer was made, prosecutor Buckley surely would have concluded that any such offer by him would have required Reginald to be a prosecution witness if that were the case. In other words, if the Court of Appeals were correct in its speculation that "[o]bviously the same [testimony against his brother] would have been required of Reginald," *Wallace v. State*, 264 So. 3d 1, 5 (Miss. App. 2018), the prosecutor would have articulated the same speculation at the post-conviction hearing. He would have said something like: "Your Honor, I don't remember such a plea offer one way or the other, but if I had made such a plea offer, it surely would have included the same requirement to testify against the brother that the co-defendants' pleas required. And Reginald Wallace wasn't prepared to do that." But the prosecutor said no such thing and did not ask any questions based on such a premise. He opposed the post-conviction petition, provided argument at the hearing [6-7 at 47-48 (tr. pages 46-47)], and cross-examined Mr. Carter and Petitioner Wallace, yet never mentioned or inquired about the possibility that testimony against Petitioner's brother might have been a requirement of the plea offer. *Id.* at 12, 29 (tr. pages 11 and 28).

The Magistrate rejects all of that, stating that "it was Petitioner's burden, not the prosecutor's, to prove that Petitioner would have accepted the terms of the simple robbery plea

offer." [33 at 22]. But as Sherlock Holmes recognized, a dog that doesn't bark is evidence. *See Chisom v. Roemer*, 501 U.S. 380, 396, n. 23 (1991) (citing A. Doyle, Silver Blaze, in The Complete Sherlock Holmes 335 (1927)) (explaining that Congress's silence on an issue is probative of Congressional intent). Mr. Buckley's failure to mention the possibility, and Mr. Carter's failure to testify about any such condition when describing the plea offer, is evidence sufficient to demonstrate that the Petitioner carried his burden and that testimony against Petitioner's brother was not a condition of the agreement. And while the Magistrate seems to suggest that the attorney representing the Petitioner at the post-conviction hearing should have asked Mr. Buckley and Mr. Carter about this on the witness stand, the attorney cannot be expected to disprove an allegation that had never been made.

There is more evidence. As the Court of Appeals pointed out with respect to the plea to armed robbery (and other charged offenses) the Petitioner eventually made after not being told of the simple robbery offer, "Reginald only agreed to plead guilty to kidnapping, armed robbery, and conspiracy after the State agreed to remove any mention of his brother's possible involvement from the prosecution's on-the-record factual basis for his plea." *Id.* at 5. As explained in the Petitioner's supplemental brief, [27 at 5-6,] the important point here is that the prosecution *was willing* to remove the mention of his brother from the factual basis. This demonstrates that the Court of Appeals was wrong when it said that "the complete terms of any plea agreement . . . included implicating his brother and cooperating with the State." *Id.* Certainly, the plea agreement that he made did not include that condition, which helps prove that the simple robbery plea did not either.

The Court of Appeals's conclusion relied on the following: "While two of Reginald's codefendants accepted offers to plead guilty to simple robbery and received sentences that

allowed them to serve only seven and ten years, those codefendants cooperated with the State and testified against Antonio. Obviously the same would have been required of Reginald." *Id.* But that conclusion does not follow from those facts. As explained in the Petitioner's supplement, [27 at 6], Reginald Wallace was not offered a plea with a partially suspended sentence requiring him to serve only seven or ten years. He was offered a plea to robbery with a potential fifteen-year sentence. Those are very different circumstances. The fact that a person who cooperated received a partially suspended sentence did not mean that Reginald was required to testify against his own brother when he was not offered a partially suspended sentence. Indeed, if the prosecutor had the evidence he needed from those two codefendants, it makes sense to avoid relying on an extra witness to testify against his own brother given the potential for the witness to get cold feet at the last minute about helping to convict a family member.

By contrast, the evidence that is in the record—the Petitioner's testimony that he would have taken the robbery plea had he been informed of it, the prosecutor's failure to even mention the possibility that testimony against his brother would have been required in this case, defense counsel's failure to mention this as a condition of the plea, and the prosecution's willingness to allow the Petitioner eventually to plead to more serious charges without implicating his brother—demonstrates by clear and convincing evidence that the Court of Appeals acted unreasonably in concluding that testimony against his brother was a condition of the simple robbery plea offer.[2]

---

[2] The statement in the R&R that "Petitioner does not point to evidence in the state court record that contradicts the Mississippi Court of Appeals' finding that the terms of the simple robbery required Petitioner to implicate his brother," is not accurate. [33 at 20]. All of this evidence was highlighted in the briefing.

The importance of this evidence is highlighted by the Magistrate's discussion of *United States v. Cisneros*, No. 22-40102, 2023 WL 8433978 (5th Cir. Dec. 5, 2023). [33 at 26]. As the Magistrate pointed out, the prosecutor in that case stated "that he did not recall whether he extended a plea offer to Cisneros, but that he would not have offered a twenty-year plea bargain" because "to get a reduction to that level would have required him to debrief, cooperate, and testify against his family members." *Id.* (quoting p. 3 of the opinion). Of course, that is the opposite of what happened here. Just as the prosecutor's statement that he would not have offered such a plea without testimony was important evidence in that case, the prosecutor's failure to make such a statement in this case was also important evidence.[3]

The R&R claims the Petitioner "repackage[d] 'absence of proof' as overcoming §§2254(d)(2) and (e)(1)." [33 at 22]. While the Petitioner's briefs certainly spoke to the absence of evidence to support of the Court of Appeals finding, as did the dissent in the Court of Appeals, 264 So. 3d at 8, those briefs and these objections also emphasize the affirmative evidence demonstrating that the Court of Appeals majority finding was unreasonable.

To reiterate, the Petitioner's testimony that he would have taken the robbery plea had he been informed of it, the prosecutor's failure to even mention the possibility that testimony against his brother would have been required in this case, defense counsel's failure to mention this as a condition of the plea, and the prosecution's willingness to allow the Petitioner eventually to plead to more serious charges without implicating his brother, all demonstrate by clear and convincing evidence that the Court of Appeals acted unreasonably in concluding that

---

[3] The R&R [33 at 23-24], also citied *Merzbacher v. Shearin,* 706 F. 3d 356, 366-69 (4th Cir. 2013), where the Fourth Circuit held that the petitioner did not demonstrate that a state court acted unreasonably in finding that the petitioner would not have accepted a guilty plea offer because he had been so vociferous in proclaiming his innocence throughout the case, had many civil suits pending against him, and did not want to admit to the child rape crimes with which he was charged in front of his wife. That is a far cry from the present case where none of the state court findings were based on a lack of credibility.

testimony against his brother was a condition of the simple robbery plea offer. Certainly, the failure of the prosecutor and the defense counsel to mention such a condition involve the absence of statements rather than affirmative statements, but that is still evidence. Frequently, the failure to say or do something that an innocent person would say or do is used as evidence to inculpate criminal defendants and similar evidence is used in civil cases as well.

In *Batchelor v. Cain*, 682 F.3d 400 (5th Cir. 2012), the absence of statements by the attorneys and state trial court was part of the clear and convincing evidence cited by the Fifth Circuit in holding that the state court's finding was unreasonable and habeas relief should be granted. "No one involved in Batchelor's trial court proceedings—neither the court, nor the prosecution, nor [defense counsel] Kelly, nor Batchelor himself—ever suggested that Batchelor's unwillingness to plead without conferring with counsel constituted a waiver of his Faretta request." *Id*. at 408-09. And after discussing certain aspects of the state court's reasoning, the Fifth Circuit pointed to the absence of any other basis for the state court's finding.

> The state advances no other factual basis for a finding that Batchelor abandoned or vacillated in his request, and our review of the record reveals none. Accordingly, we conclude that Batchelor has met his burden of rebutting by clear and convincing evidence the presumptive correctness afforded the state appellate court's implicit factual determination that Batchelor equivocated or abandoned his motion. *See* 28 U.S.C. § 2254(e)(1). We conclude that the state appellate court's adjudication of Batchelor's Faretta claim resulted in a decision based on an objectively unreasonable factual determination. *See id*. § 2254(d)(2).

*Id.* at 413.

Similarly in this case, for all of the reasons mentioned, the Petitioner has carried his burden of proving by clear and convincing evidence that the Mississippi Court of Appeals's factual finding that the plea offer included a condition of testifying against his brother was unreasonable. Thus, this Court should not accept the recommendation of the R&R on Part One.

**2. Part Two of the R&R wrongly concluded that Petitioner failed to show that the plea would be accepted by the state court and not rescinded by the prosecution.**

With respect to Part Two, the R&R recommends that the petition be denied because the Petitioner did not demonstrate a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it.  The Court should reject this conclusion because the R&R focuses on the wrong U.S. Supreme Court precedent and relies on mere speculation.

In reaching the decision, the Magistrate discussed the reasoning in *Missouri v. Frye*, 566 U.S. 134 (2012):

> *Frye* was a case on review from the Court of Appeals of Missouri. *Missouri v. Frye*, 562 U.S. 1128 (2011) (granting certiorari review). It was not a 28 U.S.C. §2254 case that began in federal court. Respondents have not explained or briefed how procedurally this Court could remand to state court. And there are not unanswered Mississippi law questions that prevent the Court from knowing that Petitioner cannot overcome §2254(d) review on part two of *Frye*. Mississippi law allows for the trial court's discretion in accepting a plea agreement, which is reflected in the plea agreement that Petitioner eventually signed. *See* Miss. R. Crim. P. 15.4; R. [6-1] at 62, ¶8. Mississippi law allows the prosecution to withdraw a plea agreement where the defendant breaches a cooperation agreement, and the breach is proven.

[33] at 28.  The correct precedent in this case, however, is not *Frye,* but *Lafler v. Cooper*, 566 U.S. 156 (2012), which was decided the same day as *Frye*.  Unlike *Frye*, and like this case, *Lafler* was an appeal from a federal court.  In *Lafler* and this case, there is no evidence that the Petitioner committed a subsequent offense that would have raised doubt as to whether the prosecutor would adhere to the plea agreement.  While missing here, that was a key factor in *Frye*.  556 U.S. at 150.  In *Lafler*, the Supreme Court held that "[t]he correct remedy in these circumstances . . . is to require the State to reoffer the plea agreement." *Id.* at 174.  The same is

true here. And after the State reoffers the plea, like in *Lafler*, it will then be up to the trial judge under Mississippi law to decide whether to accept the plea.

As it did in Part One, the R&R also wrongly suggests Petitioner cannot point to "affirmative proof" with regard to what the prosecutor and court would have done. [33 at 29]. Here, the same prosecutor who offered the simple robbery plea conducted the evidentiary hearing on whether Petitioner's counsel conveyed the plea. Nowhere in the record does the prosecutor suggest that he would have withdrawn the plea at any time. Again, a dog that doesn't bark is evidence. And while the Magistrate may be correct that "Mississippi law allows the prosecution to withdraw a plea agreement where the defendant breaches a cooperation agreement," the prior discussion regarding Part One of the R&R demonstrates there was no cooperation agreement to be breached. Finally, the record shows that the trial court did accept simple robbery pleas from two of the Petitioners' codefendants. It is well established that circumstantial evidence can establish facts—even under the proof beyond a reasonable doubt standard. *See, e.g.*, *United State v. Gil-Cruz*, 808 F.3d 274, 278 (5th Cir. 2015). Here, Petitioner established a reasonable probability that the plea would have been entered. A "reasonable probability" is "less than a preponderance of the evidence." *Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008) (quoting *Strickland*, 466 U.S. at 693-94).

Moreover, the underlying Court of Appeals decision, including the dissent, does not address whether the prosecutor would have withdrawn the plea or whether the court would have accepted it. *See* 264 So.3d 1. The decision stopped at whether Petitioner demonstrated that he would have accepted the plea agreement. Indeed, the R&R makes no citation to the record in support of Part Two. For these reasons, the Court is not required to provide any deference to a

state court fact finding, as there is no finding on this issue. Instead, the Magistrate offers mere speculation that runs contrary to the record.

Part Two of the R&R also relies on *Anaya v. Lumpkin*, 976 F.3d 545 (5th 2020), which is distinguishable. [33 at 28-29]. There, the Fifth Circuit held the petitioner had not shown a reasonable probability that the plea would be entered where the "record was silent" on whether the prosecutor would have rescinded the plea and whether the court would have accepted it. *Anaya* 976 F.3d at 556. In *Anaya*, there had been no evidentiary hearing. Evidence about the plea offer in that case came from "self-serving affidavits" filed by the petitioner. *See Anaya v. Davis*, No. 2:15-CV-234-D, 2018 WL 4178259, at *9 (N.D. Tex. Aug. 3, 2018), report and recommendation adopted, No. 2:15-CV-234-D, 2018 WL 4145059 (N.D. Tex. Aug. 30, 2018). In contrast, the record here included an evidentiary hearing where the prosecutor never introduced the notion that he would have rescinded the plea offer. *Anaya* also involved criminal charges against one individual—Anaya. *Anaya*, 976 F.3d at 548. Here, Petitioner was one of several codefendants involved in the same robbery. The fact that the court accepted the simple robbery pleas of two codefendants is evidence the court would have accepted the plea offer made to Petitioner.[4]

The *Lafler* remedy—allowing a petitioner to get back in front of a state trial court to determine whether the trial court will accept a plea agreement—is the proper remedy here. Petitioner has demonstrated a reasonable probability that the prosecutor would not have rescinded the plea agreement and that the trial court would have accepted it.

---

[4] State habeas petitioners should not be forced to subpoena trial court judges to testify about whether they would have accepted a particular plea. When the record shows a trial court judge accepted similar pleas from co-defendants, that should be sufficient to meet the *Frye* standard.

## CONCLUSION

As the Mississippi Court of Appeals held, the Petitioner's counsel failed to inform him of the plea offer to the charge of robbery with a 15-year maximum sentence.  However, the Court's finding that the Petitioner would not have accepted the offer because it included a condition that he testify against his brother is "an unreasonable determination of the facts in light of evidence presented in the State court proceeding."  Accordingly, the Petitioner's Sixth Amendment right to the effective assistance of counsel was violated. Petitioner asks this Court to reject the R&R and issue the writ of habeas corpus with directions that the judgment be vacated and the plea offer be reinstated.

        Respectfully submitted,

*/s/ Robert B. McDuff*
ROBERT B. MCDUFF
Miss. Bar No. 2532
767 North Congress Street
Jackson, Mississippi 39202
(601) 259-8484
rbm@mcdufflaw.com

JENNIFER S. FREEL
Texas Bar No. 24051327 (*pro hac vice*)
jfreel@jw.com
JACKSON WALKER L.L.P.
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2330

EMILY M. RHINE
Texas Bar No. 24110812 (*pro hac vice*)
erhine@jw.com
JACKSON WALKER L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-5675

COUNSEL FOR PETITIONER

- 16 -

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing using the ECF system which provides notification to all counsel of record.

This 28th day July, 2025.

>	/s/ Jennifer S. Freel
>	Jennifer S. Freel
>
>	Counsel for Petitioner