IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REGINALD DESMOND WALLACE §
§
§
Petitioner, §
§
v. §          CASE NO. 3:19-CV-465-TSL-BWR
§
§
§
STATE OF MISSISSIPPI AND BURL §
CAIN, COMMISSIONER OF THE §
MISSISSIPPI DEPARTMENT OF §
CORRECTIONS, §
§
Respondents. §

## PETITIONER'S REPLY IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

When the Mississippi Court of Appeals denied Petitioner Reginald Wallace post-conviction relief, via a split decision with a strong dissent, the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court evidentiary hearing. *See* 28 U.S.C. § 2254(d)(2). The Court of Appeals's conclusion that Petitioner would not have accepted the simple robbery plea is unsupported by the record and relies on blatant speculation that the offer required Petitioner to testify against his brother. *Wallace v. State,* 264 So. 3d 1, 8 (Miss. App. 2018) (Barnes, J., dissenting).  Thus, Petitioner has rebutted the finding that he would not have accepted the plea by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  As explained in Petitioner's Objections [34], the Report and Recommendation ("R&R") reaches the wrong conclusion about the Court of Appeal's decision—ignoring the unreasonable determination that the plea offer had an imaginary requirement that Petitioner testify for the State against his brother.  (R&R at 21-27.)

As further explained in the Objections, the R&R misses the mark again by finding that Petitioner failed to demonstrate a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it (element two of the *Frye* test).  (R&R at 29.)  The R&R reviewed this issue *de novo* because the state court never addressed element two.  Nevertheless, it continued down the speculation path, imagining that the prosecutor would have withdrawn the plea offer despite the prosecutor never saying so.  The findings on element two are wrong because they ignore the circumstantial evidence from the state court proceeding—the prosecutor never asserted that he would have withdrawn the plea and he agreed to the Petitioner's armed robbery plea (arranged after the Petitioner did not accept the simple robbery plea because he did not know about it) and agreed to remove all references to his brother at the Petitioner's request.  And the court accepted the Petitioner's armed robbery plea and the simple robbery pleas from Petitioners' co-defendants. The R&R turns the requirement for "affirmative" evidence into a requirement for "direct evidence."  That is a legal error that requires this Court's attention.[1]

**Part I of the R&R.**  The State, in responding to Petitioner's objection as to Part I of the R&R says that "[t]he record repeatedly confirms" that the plea offer included the requirement that Petitioner testify against his brother.  (Response at 10.)  The statement wholly dismisses facts that led three judges to dissent from the Court of Appeal's decision.  In conducting a *de novo* review of the R&R, the Court does not have to accept the State's characterization or even the R&R's conclusion that whether the Petitioner would have accepted the plea offer is "debatable."  (R&R at 27.)  Instead, this Court can review the entire record and see (1) the

---

[1] *See Lee v. United States*, 582 U.S. 357, 358–59 (2017) (considering circumstantial evidence, such as Petitioner's lack of ties to South Korea, when determining whether Petitioner met his burden of showing a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty had he known the result would be deportation to South Korea).

prosecutor's failure to even mention the possibility that testimony against his brother would have been required in this case, (2) defense counsel's failure to mention this as a condition of the plea, and (3) the prosecution's willingness to allow the Petitioner eventually to plead to more serious charges without implicating his brother. As explained in Petitioners' Objections, [34] at 7-9, all of this demonstrates by clear and convincing evidence that the Court of Appeals acted unreasonably in concluding that testimony against Petitioner's brother was a condition of the simple robbery plea offer.

The State also complains about how Petitioner distinguished *United States v. Cisneros*, No. 22-40102, 2023 WL 8433978 (5th Cir. Dec. 5, 2023) in its objections to the R&R. (Response at 10-11 (responding to Objections at 10).) Petitioner emphasized that the prosecutor in *Cisneros* put into the record that any plea offer would have required cooperation where here the prosecutor did not. The State says the facts in this case and *Cisneros* are similar and goes on to explain the perceived similarities. In doing so, the State ignores a key difference—Cisneros went to trial (2023 WL 8433978, *2 (describing him as a "fighter" who would not have accepted a plea); the Petitioner entered a guilty plea. The record here definitively shows that Petitioner was willing to enter *a* guilty plea. That certainly goes to whether it was unreasonable to determine that he would not have accepted *this particular* guilty plea. *See Missouri v. Frye*, 566 U.S. 134, 150 (2012) ("The Court of Appeals did not err in finding Frye's acceptance of the less favorable plea offer indicated that he would have accepted the earlier (and more favorable) offer had he been apprised of it."). Add to that Petitioner's sworn testimony that he would have accepted the unconveyed plea, and he has rebutted the Appeals Court finding by clear and convincing evidence.

**Part II of the R&R.**   In its Response to Petitioner's objections, the State suggests Petitioner is improperly arguing against applying the law from *Frye* to his case.  (Response at 15.)   The State misreads Petitioner's argument.   Petitioner asserts that of the two cases—*Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012)—the facts from *Lafler* are the most similar to the facts of this case.  (Objections at 12.)  Following the legal analysis—which is the same in *Frye* and *Lafler*—the remedy in *Lafler* should be the remedy here; the State should reoffer the plea to simple robbery.  (*Id.*)   Then, the state trial court will have that plea before it and can at that time decide whether to accept the plea.

Now, Petitioner must only show a reasonable probability that the trial court would have accepted the plea to simple robbery and that the prosecutor would not have withdrawn it. (Objections at 13.)  A "reasonable probability" is "less than a preponderance of the evidence." *Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008) (quoting *Strickland*, 466 U.S. at 693-94). The State agrees with Petitioner that the state court never considered this issue, so there is no deference to a state court finding here.  (Response at 19.)   At the evidentiary hearing, the prosecutor never said he would have withdrawn the plea. In fact, he agreed to the Petitioner's armed robbery plea and to Petitioner's request that all mention of his brother be removed from the plea proceedings.   And the trial court accepted similar pleas from Petitioner's co-defendants and also agreed to Petitioner's armed robbery plea.[2]  Thus, Petitioner has cleared the hurdle of *Frye's* second element.

Finally, both the R&R and the State point to the court's commentary about Petitioner's testimony against his brother in arguing that Petitioner failed to meet *Frye*'s second element. (R&R at 29–30; Response at 21.) But in their analyses, they leave out the fact that the sentencing

---

[2] As detailed in the Objections to the R&R, this circumstantial evidence is affirmative evidence, and the R&R's failure to treat it as such is error. (Objections at 13.)

judge expressed sympathy for Petitioner's situation, acknowledging that Petitioner may have been "dominated" by his older brother in a way that influenced the testimony.  (R. [6-2] at 55-56.)  The court said, "As [Petitioner's counsel] said, he is the younger brother, and it would be speculation as to whether his brother dominated him so much that he testified in his favor. But in fact, he is the younger brother." (*Id.*)  And as just mentioned, the trial court accepted Petitioner's armed robbery plea despite the fact he had testified for his brother.  On *de novo* review, this Court should examine the complete record when determining whether there is a reasonable probability that the trial court would have accepted the plea to simple robbery—including  the trial judge's acceptance of the armed robbery plea and acknowledgement that Petitioner may have been coerced or "dominated" into testifying in favor of his older brother.

## CONCLUSION

The Petitioner's Sixth Amendment right to the effective assistance of counsel was violated when his counsel failed to present him with the plea offer for simple robbery.  He is serving a 30-year sentence when the unconveyed plea would have meant a maximum 15-year sentence.  Petitioner asks this Court to reject the R&R and issue the writ of habeas corpus with directions that the judgment be vacated and the plea offer be reinstated.

Respectfully submitted,

/s/ Robert B. McDuff
ROBERT B. MCDUFF
Miss. Bar No. 2532
767 North Congress Street
Jackson, Mississippi 39202
(601) 259-8484
rbm@mcdufflaw.com

/s/ Jennifer S. Freel
JENNIFER S. FREEL
Texas Bar No. 24051327 (pro hac vice)
jfreel@jw.com

JACKSON WALKER L.L.P.
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2330

EMILY M. RHINE
Texas Bar No. 24110812 (pro hac vice)
erhine@jw.com
JACKSON WALKER L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-5675

COUNSEL FOR PETITIONER


## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing using the ECF system which provides notification

to all counsel of record.

This 18th day August, 2025.

/s/ Jennifer S. Freel
Jennifer S. Freel

Counsel for Petitioner