```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

REGINALD DESMOND WALLACE                                PETITIONER

VERSUS                          CIVIL ACTION NO. 3:19CV465TSL-BWR

STATE OF MISSISSIPPI, ET AL.                           RESPONDENTS

<u>ORDER</u>

This cause is before the court on the July 14, 2025 report and recommendation of United States Magistrate Judge Bradley W. Rath. Wallace has filed objections to which respondents have filed a response in opposition and petitioner has filed a rebuttal. The court, having fully considered the report and recommendation,[1] the parties' submissions, and the applicable law, finds that Wallace's objections should be overruled and the report and recommendation should be adopted as the opinion of this court with one correction: Page 3 is corrected to reflect that petitioner's plea hearing occurred in September 2012, not April 2013 as stated in the report and recommendation.

---

[1] The court has applied a clearly erroneous or contrary to law standard of review to the portions of the report and recommendation to which petitioner has made no objection and a <u>de novo</u> standard of review to the portions of the report and recommendation to which a specific objection is made. <u>See</u> 28 U.S.C. § 636(b)(1).

Accordingly, it is ordered that petitioner's objections are overruled and that the report and recommendation is adopted as the opinion of the court.  It follows that the petition is dismissed.

It is further ordered that petitioner is granted a certificate of appealability on the following:  (1) whether the Mississippi Court of Appeals' factual finding that the subject offer of a plea to simple robbery, like the plea offered to Rush and Gates, was conditioned on petitioner providing testimony against Antonio Wallace was an unreasonable factual determination "in light of the evidence presented in the State court proceeding;" (2) whether the Mississippi Court of Appeals' factual finding that petitioner would not have accepted a plea offer conditioned on his testifying against his brother was also an unreasonable factual determination "in light of the evidence presented in the State court proceeding;" and (3) whether petitioner was required to present affirmative proof that the prosecution would not have withdrawn the plea offer or that Judge Chapman would have accepted a plea bargain for petitioner to plead to simple robbery.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034, 154 L. Ed. 2d 931 (2003) ("A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.").

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 20th day of August, 2025.

                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE